This is an appeal from a judgment construing a California divorce decree
Yukiko Eady (now Yukiko Erbe) and George Eady were married in Japan. At that time he was a member of the United States Air Force. Mr. Eady remained in the Air Force until 1969, at which time he retired. The parties continued to live together *Page 937 
as man and wife until May 1974 when they separated. Mr. Eady petitioned a California court for a divorce and on October 18, 1974 an interlocutory judgment dissolving the marriage was handed down. This judgment was made final on January 8, 1975
The pertinent parts of the judgment are as follows:
 The court also orders that petitioner [Mr. Eady] shall pay to respondent [Mrs. Erbe], as and for spousal support, the sum of $1.00 per month, commencing September 1, 1974, and continuing monthly thereafter until respondent dies or remarries or until further order of this court or until respondent remarries, whichever shall first occur, but in no event beyond September 1, 1984. Respondent waives any and all rights to spousal support from and after that date
 The court also orders that petitioner shall pay to respondent an amount equal to forty-one and one-half (41.5%) percent of his gross monthly military retirement payable on or before the first day of each month, commencing September 1, 1974. This amount presently is in the amount of $178.03 per month
 The court also orders that the community property of the parties is distributed as follows:
 To the petitioner as petitioner's sole and separate property:
 1. House and lot located at 4170 Polaris Avenue, Vandenberg Village, Lompoc, California;
 2. The household furniture, furnishings and appliances located in the home at 4170 Polaris Avenue;
 3. The aircraft maintenance tools and other tools; and
 4. The 1972 Toyota automobile, California license No. 064FKV, subject to the encumbrance thereon
 To the respondent as respondent's sole and separate property:
 1. The Singer sewing machine, two knitting machines, television-stereo console and a Japanese wall clock, subject to the encumbrance on the Singer sewing machine; and
 2. The 1968 Ford Thunderbird automobile, California license No. WQH888
On September 1, 1974 and each month thereafter until June 1975, Mr. Eady sent Mrs. Eady three checks: one check was for one dollar per month spousal support, another check was for an amount equal to forty-one and one-half percent of Mr. Eady's gross monthly military retirement payment, and the other check was for $72.00 which was the monthly payment required by a promissory note executed by Mr. Eady in favor of Mrs. Eady. No checks were received from Mr. Eady after June 1975
Mr. Eady remarried on March 31, 1975 and presently resides in Lawrence County, Alabama. Mrs. Eady remarried on May 31, 1975 and lives in California
On February 6, 1980 Mrs. Erbe filed an action in Morgan County, Alabama which was subsequently transferred to Lawrence County, Alabama, seeking to enforce the military retirement payment provision of the California decree. In July 1980 Mrs Erbe filed a motion for summary judgment with accompanying affidavits and certified copies of the California decree. This motion was denied. After denial of the motion Mr. Eady filed a motion in opposition to the request for summary judgment. Mrs Erbe then requested the trial court to reconsider her motion for summary judgment. This motion was also denied. Mr. Eady then answered the complaint and filed a counterclaim asking the court to treat the military retirement provision of the California judgment as periodic alimony and find that such payments were terminated by Mrs. Eady's remarriage on May 31, 1975
After an ore tenus hearing the trial court rendered a judgment holding that the California judgment was entitled to full faith and credit but that the military retirement benefits received by Mr. Eady were not treated by the California court as community property but as periodic alimony and thus the payments legally ceased upon the remarriage of Mrs. Eady. Mrs Erbe appeals from that decree *Page 938 
The dispositive issue here is whether the military retirement benefits provision of the California decree is to be construed as a division of community property or as an award of periodic alimony. If the retirement benefits are community property and are subject to division, the trial court erred in not awarding Mrs. Erbe the amount that was in arrears. If the retirement benefits can be classified as periodic alimony — as the trial court so found — and such payments ceased upon Mrs. Erbe's remarriage, the trial court correctly held that Mr. Eady was not in arrears in such payments
Under California law, military retirement benefits must be considered as community property to the extent they are earned during the marriage. In re Marriage of Stenquist, 21 Cal.3d 779, 582 P.2d 96, 148 Cal.Rptr. 9 (1978); In re Marriage ofFithian, 10 Cal.3d 592, 517 P.2d 449, 111 Cal.Rptr. 369 (1974); Cal. Civ. Code § 164 (West). The California court awarded Mrs Erbe forty-one and one-half percent of Mr. Eady's monthly military retirement benefits. Mr. Eady served in the Air Force for two hundred sixty-one months and the parties were married for two hundred seventeen months; in other words they were married during eighty-three percent of the time that he served in the Air Force. Thus, eighty-three percent of the retirement benefits were earned during the marriage and one-half of this amount was awarded to Mrs. Erbe
Appellee says, however, that the trial court construed the California judgment to mean that the provision for the wife to receive a part of the husband's military retirement benefits was a part of the periodic alimony award and was not a part of the community property award. The Alabama trial court did so interpret the California judgment
By considering the form of the California decree to help it decide whether the retirement benefits were community property or spousal support, i.e. that the paragraph relating to retirement benefits was located right after the spousal support paragraph and was not listed in the paragraph specifically providing for the disposition of the other community property, the trial court obviously concluded that the California decree was uncertain and, as such, needed interpretation
If there is uncertainty in a judgment the court must construe it so as to express the intent of the trial judge, which intent can be derived from the provisions of the judgment. Price vPrice, 360 So.2d 340 (Ala.Civ.App. 1978)
Notwithstanding the form of the California decree, the law of California requires military retirement benefits to be awarded as community property where vested, and the benefits were vested in the case at bar. Therefore, the trial court was bound to treat the retirement benefits provision as an award of community property. Furthermore, there is nothing in the California decree to suggest that the retirement benefits provision should be treated other than as an award of community property
The spousal support provision, which preceded the retirement benefits provision, clearly spelled out how much Mrs. Erbe was to receive each month and for how long she was to receive it Nothing remained to be said about spousal support
The succeeding paragraph to the retirement benefits provision spelled out how certain other community property was to be divided, and there was no indication that this paragraph was dealing with all of the parties' community property to the exclusion of the military retirement benefits
The award of a portion of Mr. Eady's military retirement benefits to Mrs. Erbe was a division of a part of the parties' community property and such award is entitled to enforcement in this state
After judgment was rendered in the Alabama trial court but before the matter was submitted to this court for decision, the United States Supreme Court, in the case of McCarty v. McCarty, ___ U.S. ___ , 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), held that California could not treat military retirement benefits as community property. Mr *Page 939 
Eady says that even if we conclude that the Alabama trial court erred in not treating his retirement benefits as community property, we are now precluded from so holding and thus from enforcing the California decree. We disagree
A careful reading of the McCarty decision fails to reveal an intent on the part of the court to have its decision enforced retrospectively. Consequently, the effect of McCarty on the present litigation will be decided on the basis of the ruling case law of Alabama.[1]
It has been established that where rights to property have become vested, subsequent decisions of the court overruling former decisions establishing those rights will not be given retroactive effect. Farrior v. New England Mortgage SecurityCo., 92 Ala. 176, 9 So. 532 (1890); 10 A.L.R.3d 1371
In the case at bar Mrs. Erbe's property rights in Mr. Eady's military retirement benefits vested when the California court finally awarded those benefits to her in 1975. Hence, theMcCarty case would have no effect on that portion of Mr. Eady's retirement benefits due Mrs. Erbe at the time this case was heard in the Alabama trial court
REVERSED AND REMANDED
WRIGHT, P.J., and HOLMES, J., concur
[1] The result of the instant appeal would be the same if decided on the basis of the ruling case law of California. See In reMarriage of Brown, 15 Cal.3d 838, 544 P.2d 561, 126 Cal.Rptr. 633, (1976).