486 So.2d 405 (1986)
TUSCALOOSA CITY BOARD OF EDUCATION
v.
AMERICAN/OWENS, INC.
84-1100.
Supreme Court of Alabama.
March 14, 1986.
*406 John A. Owens and Michael S. Burroughs, of Phelps, Owens, Jenkins, Gibson & Fowler, Tuscaloosa, for appellant.
Wilbor J. Hust, Jr., of Zeanah & Hust, Tuscaloosa, for appellee.
FAULKNER, Justice.
The Tuscaloosa City Board of Education appeals from a judgment on the pleadings. We affirm.
On May 17, 1984, the Tuscaloosa City Board of Education and American/Owens, Inc., entered into a contract under which American/Owens agreed to remove asbestos-containing material from buildings owned by the Board. American/Owens also agreed to accept the amount specified in the contract as full consideration for its work, subject only to certain additions and deductions provided for in the contract.
By the following provision the parties agreed to submit certain disputes for resolution by the director of the State Building Commission:
"44. DIRECTOR'S DECISIONS
"Except as hereinabove provided, any dispute, claim, or question concerning the interpretation or meaning of the Contract Documents, or concerning a breach of the Contract, shall be submitted to the Director and his decision shall be final, binding, and conclusive on the parties to the Contract."
After beginning the work, American/Owens reported to the Board that the quantity of asbestos to be removed from the buildings exceeded the amount it expected to find based on drawings and specifications made by the architect employed by the Board and that this work would be done as an extra item not within the contract. The Board refused to pay for the extra work and American/Owens agreed to finish the work under protest and then seek a resolution of the controversy by the director.
The Board appeared before the director in a hearing on November 20, 1984, in which it argued that the director lacked jurisdiction to resolve the controversy between the parties. The director entered an order on November 28, 1984, requiring payment of the additional amount demanded by American/Owens.
On January 8, 1985, the Board filed an action for a declaratory judgment, seeking a determination of the rights and obligations of the parties under the contract. The complaint alleged that the dispute was not the kind of controversy subject to resolution by the director, and, thus, that he lacked jurisdiction to enter an award. American/Owens did not file an answer to the complaint, but filed a motion seeking dismissal of the complaint, or, in the alternative, judgment on the pleadings.
The trial court found that the parties had agreed to submit the payment controversy to arbitration, that the director decided a question concerning the interpretation or meaning of the contract, and that his decision was binding on the parties. In the alternative, the trial court found that the Board had not properly appealed the director's decision.
The Board argues that the judgment on the pleadings should have been denied because an answer was not filed by American/Owens. A motion is considered according to its substance, not its label. Den-Tal-Eze Mfg. Co. v. Gosa, 388 So.2d 1006 (Ala.Civ.App.1980); Rule 7, A.R.Civ.P. Therefore, the motion for judgment on the pleadings may be treated as an answer and the motion may properly be considered.
*407 A motion for judgment on the pleadings is properly granted when the material facts are not in dispute. McCullough v. Alabama By-Products Corp., 343 So.2d 508 (Ala.1977). Any exhibits attached to a pleading are considered a part of the contents of the pleading. The Board's complaint merely alleged that a justiciable controversy existed. American/Owens attached as exhibits copies of several documents, including the contract between the Board and American/Owens, letters written by American/Owens concerning the dispute, and the decision of the arbitrator. These exhibits resolve any factual questions raised by the complaint.
The Board asserts that the dispute between it and American/Owens does not involve the interpretation of contract provisions, as provided for in the contract, and therefore, that the arbitrator has no authority to resolve this dispute.
After reviewing the pleadings, including the attached exhibits, we find that the contract contains inconsistent or unclear provisions, which were interpreted by the arbitrator in resolving the dispute.
The contract contained a specific provision in Section 01010, "Scope of the Work," which stated:
"The contractor will be responsible for the removal of all friable asbestos in student occupied areas, including but not limited to, that covered in the base bid. In the event there is a question as to whether material is friable, or whether the area is student occupied, the architect/engineer will make the final decision."
The contract also contains a section entitled "General Conditions of the Contract." This section contains two provisions that are inconsistent with the above provision requiring the contractor to be responsible for verifying all quantities. They are as follows:
"19. CHANGES IN THE WORK:
"The Owner may at any time make changes in the Work by changes in the Drawings and Specifications of the Contract and within the general scope thereof. Changes will be in the form of a Contract Change Order based upon a written request of the Owner and a written proposal of the Contractor. All Change Orders will require consent of Surety by endorsement of the Change Order form. In making any change, the charge or credit for altering, adding to or deducting from the Work shall be determined by one of the following methods selected by the Owner:"....
"20. CLAIMS FOR EXTRA COST OR EXTRA WORK:
"If the Contractor claims that any instructions by drawings or otherwise are not in accordance with the Contract Documents, and involve extra cost under the Contract, he shall give the Architect and the Director written notice thereof within ten (10) days after receipt of such instructions, and in any event before proceeding to execute the work and the procedure shall then be as above under 19. CHANGES IN THE WORK. Otherwise no such claim will be considered."
Given these contract provisions and the fact that the dispute concerned extra work, the trial court was correct in granting judgment on the pleadings. The dispute is within the scope of the arbitration agreement and the arbitrator's authority.
AFFIRMED.
TORBERT, C.J., and MADDOX, BEATTY, ADAMS and HOUSTON, JJ., concur.
JONES and SHORES, JJ., concur specially.
ALMON, J., recused.
JONES, Justice (concurring specially).
I write separately to explain my reasons for concurring in the Court's opinion. Although the Board protested the director's "jurisdiction" and sought by way of the instant action to have the trial court declare that the controversy between the parties was not of the type subject to resolution by the director, these challenges fall short of invoking the arbitration proscription of Code 1975, § 8-1-41(3). See S.S. *408 Steele & Co. v. Pugh, 473 So.2d 978 (Ala. 1985); Weels v. Mobile County Board of Realtors, 387 So.2d 140 (Ala.1980). Likewise, the application vel non of the Federal Arbitration Act, 9 U.S.C. § 1 et seq., is not an issue here presented. See Ex parte Costa and Head (Atrium), Ltd., 486 So.2d 1272 (Ala.1986).
The challenges asserted by the Board were limited to the nature of the dispute, the Board contending that only disagreements over the "contract provisions" were within the settlement authority of the arbitrator. Therefore, because the more fundamental issuethe validity vel non of the arbitration provisionis not here presented, we need only address, as the opinion correctly does, the narrower issue relating to the scope and coverage of the arbitration agreement.