INGRAM, Judge.
Appellant Gerald Farris (husband) appeals from a judgment construing a Texas divorce decree in favor of his former wife, Dorothy Farris (wife). The husband contends that the wife is not entitled to a proportional share of his military retirement pension.
The Farrises were married in 1958. Their married life was spent at various military stations after he entered the military (Army) in 1962. They obtained a divorce while stationed in Texas in October 1978, after 20 years of marriage. The decree awarded the wife a proportional share of his military retirement pension. The husband retired from the military in February 1981, with 20 years of active service, and began receiving retirement benefits in March 1981. The record reveals that the wife has not received any portion of his military retirement pension. The record further reveals that the husband has willfully refused to pay her any of the money ordered by the Texas decree because he feels “she doesn’t deserve it.”
The husband remarried in 1978 and presently resides in Florida. The wife has remarried twice since her divorce from her husband. She remarried in October 1979 and obtained a divorce in March 1981. She later married Edward Thomas in November 1985, and they reside in Alabama.
On August 13, 1987, the wife filed a complaint to enforce the military retirement payment provisions of the Texas decree. After the parties filed briefs with the circuit court, the trial judge ruled in favor of the wife and granted her an ar-rearage of military retirement benefits in the amount of $20,130.53, in accordance with the formula contained in the Texas decree. The husband appeals from this decree and presents three primary issues which concern the amount of arrearage owed, if any, under the provisions set forth in the Texas decree.
*644 The husband first contends that the military retirement benefits provision of the Texas decree should be construed as an award of periodic alimony. Under such a construction, the wife would not be entitled to any portion of his military retirement pension, since periodic alimony ceases upon a spouse’s remarriage. The wife remarried in October 1979, one year and four months before the husband received any benefits under the military retirement plan.
Alabama courts as a rule give full faith and credit under the federal constitution to divorce decrees of sister states to the extent such decrees are no longer modifiable under the law of that state. Wynn v. Wynn, 484 So.2d 1093 (Ala.Civ.App. 1986); Erbe v. Eady, 406 So.2d 936 (Ala. Civ.App.1981), cert. denied, 456 U.S. 990, 102 S.Ct. 2270, 73 L.Ed.2d 1285 (1982); McBride v. McBride, 380 So.2d 886 (Ala. Civ.App.1980). Therefore, Alabama law requires that full faith and credit be given to the Texas decree. Specific language in the Texas decree characterized the husband’s benefits as community property. The relevant language reads as follows:
“The Court further finds that during the twenty-year marriage, interest in military retirement benefits has accrued to the community and these should be awarded to Petitioner in the proportionate amount indicated below if and when Petitioner retires from the military service.
“IT IS THEREFORE ORDERED that Petitioner be awarded a proportionate amount of Respondent’s military retirement benefits as derived from the following formula: lh X [quotient of] total months of marriage while in military [divided by] total months of service at actual time retired.”
Rights to benefits construed as community property do not terminate upon a spouse’s remarriage. Erbe v. Eady, supra.
We note that the United States Supreme Court on June 26, 1981, held that military retirement benefits were not divisible upon divorce. McCarty v. McCarty, 435 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). McCarty, however, does not apply retroactively to divorce decrees that were final before June 26, 1981. In re Chandler, 805 F.2d 555 (5th Cir.1986). Furthermore, McCarty was overruled by 1983 federal legislation, Uniformed Services Former Spouses Protection Act, Pub.L. No. 97-252, 96 Stat. 718 (1982), which authorized states to determine, on the basis of their own law, whether military retirement benefits were or were not subject to division. The act preserved the status quo as it existed prior to McCarty. Gordon v. Gordon, 659 S.W.2d 475 (Tex.App.1983). See also Hemingway & Daniel, The Army Lawyer, Department of the Army Pamphlet No. 27-50-133, Legislative and Judicial Developments under the Uniformed Services Former Spouses’ Protection Act (Jan.1984).
The husband next argues that his wife is not entitled to any interest in his military pension because his retirement had not vested at the time of the divorce. This argument is without merit. Texas courts, both before and after the 1983 federal legislation, have considered military benefits divisable property, whether vested or not. Oxelgren v. Oxelgren, 670 S.W.2d 411 (Tex. App.1984); Cearley v. Cearley, 544 S.W.2d 661 (Tex.1976); 3 Fam.L.Prac. (M.B.) § 37:07(3) at 37-91 (1986).
The husband also asserts that the amount of arrearage owed to his wife, if any, must be determined from pay periods beginning after June 1, 1983, without regard to the date of the previous dissolution order. This is clearly incorrect, according to the Uniformed Services Former Spouses Protection Act, supra, subsection 1006(b), which states, in pertinent part, as follows:
“However, in the case of a court order that became final before June 26, 1981, payments under such subsection may only be made in accordance with such order as in effect on such date and without regard to any subsequent modifications.”
The wife requests an attorney’s fee on appeal. This court awards her an attorney’s fee in the amount of $750.00.
*645 The judgment of the trial court is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.