In September 1999, after 10 years of marriage, Victor Chad Granger sued Arlene Lillian Granger for a divorce, alleging incompatibility and requesting, among other things, a division of marital property, custody of their three children, and child support. The wife answered and counterclaimed for a divorce, alleging incompatibility and requesting custody and child support, an award of an attorney fee, and a division of marital property.
On March 6, 2000, the parties and their attorneys signed a document entitled "Settlement Agreement." That document reads:
 "THE PARTIES TO THIS ACTION DO HEREBY AGREE THAT THIS MATTER HAS BEEN RESOLVED THROUGH THE MEDIATION PROCESS AS FOLLOWS:
 "1. [The husband] will pay to the [wife] the sum of $30,000 as a property settlement upon the execution of a separate agreement and the divorce decree. In addition, [the wife] shall be awarded the mobile home of the parties which is to be moved to a new location to be selected by the [wife.] The [husband] will pay to the [wife] the expense of moving and setting up the mobile home at its new location in an amount not to exceed the sum of $10,000. The [wife] shall be responsible for obtaining the movers and will furnish to [the husband] any estimates upon demand. Upon request, the [husband] shall be allowed access to the property for the purpose of obtaining estimates for moving the home. If the cost of the move exceeds $12,000, the [wife] shall have the option of renegotiating this aspect of the settlement.
 "2. Child custody shall be joint with the parties sharing physical custody on a week to week basis. Neither party shall pay child support but shall share equally in the usual and necessary expenses associated with the children.
 "3. The [husband] will pay to the [wife] the sum of $700 per month for a period of 36 months to begin upon the execution of the settlement agreement and the divorce decree.
 "4. The [wife] will maintain medical insurance for the benefit of the minor children. The [husband] and [the wife] will share equally the cost of any medical or dental expenses not covered by insurance.
 "5. The [wife] will assume and pay the debts to Visa and to [Heilig-Meyers]. The [husband] will assume and pay all other debts of the marriage and will hold the [wife] harmless from same.
 "6. The [wife] is awarded the personal property contained in the marital residence except the grandfather clock and the love seat. She is also awarded the black rolling tool chest, a drill, saw, ratchet set and other assorted tools to make up a normal tool kit. The [husband] is awarded all other items contained in the garage including his mechanic's tools.
"7. The [wife] is awarded her 1992 Ford automobile." *Page 219 
In August 2000, the trial court entered a judgment of divorce incorporating this "Settlement Agreement." The husband filed a postjudgment motion, contesting the validity of the agreement; the court denied that motion.
The husband appeals, arguing that the trial court erred by incorporating the March 2000 agreement into the final judgment. He argues that the March 6, 2000, document merely stated an "agreement to agree" on a final settlement. "[A] settlement agreement which is incorporated into a divorce [judgment] is in the nature of a contract." Smith v. Smith,568 So.2d 838, 839 (Ala.Civ.App. 1990). "The words of the agreement are to be given their ordinary meaning, and the intentions of the parties are to be derived from them." Sartin v. Sartin, 678 So.2d 1181, 1183
(Ala.Civ.App. 1996). Whether an agreement is ambiguous is a legal issue to be decided by the court. Wimpee v. Wimpee, 641 So.2d 287 (Ala.Civ.App. 1994). An agreement that is not ambiguous must be enforced as written. Jones v. Jones, 722 So.2d 768 (Ala.Civ.App. 1998).
We conclude, as did the trial court, that the March 6, 2000, document is unambiguously a settlement. The agreement is entitled "Settlement Agreement," and in it the parties acknowledge that "THIS MATTER [i.e., the divorce action] HAS BEEN RESOLVED." It contains no language indicating that it was signed in contemplation of a future final agreement, and no language in it suggests that it is contingent upon the parties' entering some future agreement.
The husband argues that, because the agreement provides that he will pay the wife "$30,000 as a property settlement upon the execution of a separate agreement," the March 6, 2000, document was not a final agreement and was not to be final until the "separate agreement" was executed. We disagree. The March 6, 2000, document did not specify the method by which the husband was to pay the $30,000; however, that in itself, does not create an ambiguity as to whether that document stated a final binding settlement. Rather, the husband has shown only an ambiguity as to how the $30,000 is to be paid, and the trial court can resolve that ambiguity on a motion to clarify the judgment. See Williams v. Williams,591 So.2d 879 (Ala.Civ.App. 1991).
The husband also argues that the agreement is ambiguous because it provides for joint custody of the children, when in fact, he contends, the court awarded him sole custody of the children pursuant to an emergency petition. The record indicates that on July 17, 2000, the husband filed an emergency petition for custody of the children and that the court, on July 25, 2000, granted that petition and gave him custody "until further order." On July 27, 2000, the court entered a judgment holding that the March 2000 agreement was unambiguously a binding settlement, and it entered a final judgment of divorce on August 15, 2000, incorporating the agreement. We conclude that the July 25, 2000, order granting the husband's emergency petition for custody was dissolved by the final judgment of divorce, which, pursuant to the agreement, provided for joint custody. Therefore, we find no ambiguity as to the custody issue.
Because the March 2000 agreement was unambiguously a binding settlement, the trial court properly incorporated that agreement into its judgment of divorce. We affirm that judgment.
AFFIRMED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur. *Page 220