First Southern Bank ("the Bank") appeals from a December 17, 2004, order of the trial court that, among other things, entered a judgment in favor of James C. O'Brien and Caroline O'Brien and against the Bank. In its order, the trial court declared that the title Caroline obtained to two pieces of real property located in Lauderdale County — specifically, the former marital residence of Caroline and James and a parcel referred to as the "Mall Road Property" ("the commercial lot") — pursuant to a March 25, 2002, divorce judgment had priority over the Bank's June 28, 2002, recorded judgment lien.[1]
This action was commenced on February 25, 2004, when James and Caroline filed in the trial court a joint petition to clarify the divorce judgment, alleging, among other things, that the existence of three recorded judgment liens against James in the Lauderdale Probate Court ("the probate court") had caused a potential cloud on Caroline's title to the commercial lot. The three liens identified by James and Caroline were an April 12, 2002, judgment lien in favor of Dwight Springer and against James; a June 28, 2002, judgment lien in favor of the Bank and against James; and a March 23, 2003, judgment lien in favor of American Express Travel Related Services, Inc. ("American Express"), and against James. James and Caroline later amended their petition to clarify to add a count seeking a judgment declaring, among other things, that Caroline owned the former marital residence and the commercial lot free and clear of the judgment liens. In the declaratory-judgment count, James and Caroline alleged that both the Springer judgment lien and the American Express judgment lien were recorded after the judgment lien in favor of the Bank.[2]
Thereafter, James, Caroline, and the Bank filed separate briefs and submitted evidentiary materials in support of their respective positions. On December 17, 2004, the trial court entered a default judgment against American Express. In that order, the trial court also entered a judgment in favor of James and Caroline *Page 52 
finding that Caroline held title to both the commercial lot and the former marital residence, free and clear of any claim or interest by the Bank in those properties. Although the record indicates that Springer had been served, the December 17, 2004, order did not address Springer or his lien.
On January 13, 2005, the Bank filed a motion styled as one purportedly pursuant to Rule 59(e), Ala. R. Civ. P., or, in the alternative, a motion styled as one purportedly pursuant to Rule 60(b), Ala. R. Civ. P.;[3] that motion was denied on May 4, 2005.
The Bank appealed. Before this court may consider the issues that the Bank raises on appeal, this court must first determine whether it has jurisdiction to consider this appeal. See Wilsonv. Glasheen, 801 So.2d 848, 849 (Ala.Civ.App. 2001) (jurisdictional issues may be considered ex mero motu). Because this case involved multiple parties and multiple claims, the December 17, 2004, order did not, when it was entered, constitute a "final" order. See Rule 54(b), Ala. R. Civ. P. As previously stated, the trial court, in its December 17, 2004, order, entered a judgment in favor of James and Caroline and against the Bank and entered a default judgment against American Express; it did not address Springer or his lien. The record indicates that Springer was served on February 26, 2004; he never answered or appeared in the proceedings. See Eubanks v. McCollum,828 So.2d 935, 937 (Ala.Civ.App. 2002) (when one of the named parties had been served but did not appear and the trial court did not dispose of the claims against that party in its order, the claims against that party had not been adjudicated). Therefore, this court entered an order on September 23, 2005, reinvesting the trial court with jurisdiction for 14 days to "certify its December 17, 2004, order as a `final judgment' pursuant to Rule 54(b), Ala. R. Civ. P., if appropriate." (Emphasis added.) On September 30, 2005, the trial court entered an order certifying its December 17, 2004, order as a final judgment pursuant to Rule 54(b).
We conclude, however, that the December 17, 2004, order was not appropriate for Rule 54(b) certification. We note that the trial court (and counsel) may have been misled by our direction to enter a final judgment under Rule 54(b) "if appropriate," which is, on occasion, included in remand orders issued by this court. An appellate court's inclusion of such a condition in a remand order, as a practical matter, implicitly signals that certain circumstances may warrant the entry of a final judgment as to less than all the claims or as to fewer than all the parties. That this court may ultimately conclude that such circumstances do not, in fact, exist should not be viewed as an adverse reflection upon the litigants or the trial court as to their actions in accepting an appellate court's invitation to undertake efforts to "finalize" a judgment in an effort to preserve an appeal that would otherwise be summarily dismissed.
In Moss v. Williams, 747 So.2d 905, 907 (Ala.Civ.App. 1999), this court stated:
 "Not every order has the requisite element of finality that can trigger the operation of Rule 54(b), Ala. R. Civ. P. James v. Alabama Coalition for Equity, *Page 53 Inc., 713 So.2d 937 (Ala. 1997). `Rule 54(b) certifications should be made only in exceptional cases and should not be entered routinely.' Parrish v. Blazer Financial Services, Inc., 682 So.2d 1383
(Ala.Civ.App. 1996)."
Further, "`[a]ppellate review in a piecemeal fashion is not favored, and trial courts should certify a judgment as final, pursuant to Rule 54(b), only in a case where the failure to doso might have a harsh effect.'" Point Clear Landing Ass'n, Inc.v. Point Clear Landing, Inc., 864 So.2d 369, 371 (Ala.Civ.App. 2003) (quoting Harper Sales Co. v. Brown, Stagner, Richardson,Inc., 742 So.2d 190, 192 (Ala.Civ.App. 1999)).
The issues in the separate claims made in this case "are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results." Branch v. SouthTrustBank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala. 1987). The record is unclear even as to when Springer's lien was recorded. There is a possibility that the claim against Springer would remain pending whether this court affirmed or reversed that portion of the trial court's December 17, 2004, order entering a judgment in favor of James and Caroline and against the Bank. We conclude that the facts of this case do not give rise to so exceptional a case as to justify the certification of the December 17, 2004, order as final pursuant to Rule 54(b). Therefore, we dismiss this appeal as being from a nonfinal judgment.
APPEAL DISMISSED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and BRYAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.
[1] James appealed the divorce judgment, and on November 8, 2002, this court affirmed that judgment, without an opinion.O'Brien v. O'Brien (No. 2010815, Nov. 8, 2002), 878 So.2d 349
(Ala.Civ.App. 2002) (table).
[2] In the original petition to clarify, James and Caroline had alleged that Springer's judgment lien was recorded before the Bank's judgment lien.
[3] A true postjudgment motion filed pursuant to Rule 59(e) may only be made in reference to a final order or judgment. Rule 59(e); Ex parte Troutman Sanders, LLP, 866 So.2d 547, 549-50
(Ala. 2003); see also Malone v. Gainey, 726 So.2d 725, 725 n. 2 (Ala.Civ.App. 1999). The same principle applies to a postjudgment motion filed pursuant to Rule 60(b); that rule states, in relevant part: "On motion . . . the court may relieve a party . . . from a final judgment [or] order . . . for the following reasons:. . . ."