12 So.3d 704 (2008)
Anthony Wayne DUNN
v.
Cynthia A. DUNN.
2070591.
Court of Civil Appeals of Alabama.
December 31, 2008.
*705 Charles A. Langley of Holder, Moore, Lawrence & Langley, P.C., Fayette, for appellant.
Clatus Junkin and Charles E. Harrison of Junkin, Pearson, Harrison & Junkin, LLC, Tuscaloosa, for appellee.
THOMPSON, Presiding Judge.
This is the second time these parties have been before this court. In Dunn v. Dunn, 972 So.2d 810, 811-12 (Ala.Civ.App. 2007) ("Dunn v. Dunn I"), this court set forth the procedural history of the parties' divorce action as follows:
"Anthony Wayne Dunn (`the father') sued Cynthia A. Dunn (`the mother') for a divorce and sought a division of the parties' property and an award of custody of the parties' two minor children. The mother answered and counterclaimed, seeking, among other things, an award of custody of the children. On August 24, 2005, the trial court entered an order divorcing the parties and reserving all other issues for a later determination. A guardian ad litem was appointed to represent the children.
"On January 3, 2006, the trial court entered an order in which it, among other things, awarded each party custody of one of the two children, waived child support, and fashioned a visitation schedule. In that January 3, 2006, order, the trial court addressed and divided some, but not all, of the marital property. *706 Accordingly, the January 3, 2006, order did not constitute a final judgment. See Blankenship v. Blankenship, 963 So.2d 112 (Ala.Civ.App.2007) (a divorce order that did not divide the marital property or marital debt was not sufficiently final to support an appeal); and Grubbs v. Grubbs, 729 So.2d 346, 347 (Ala.Civ.App.1999) (concluding that an order that failed to divide all the parties' marital property was nonfinal). The father filed a purported postjudgment motion on February 1, 2006. However, `[a] true postjudgment motion filed pursuant to Rule 59(e)[, Ala. R. Civ. P.,] may only be made in reference to a final order or judgment. Rule 59(e); Ex parte Troutman Sanders, LLP, 866 So.2d 547, 549-50 (Ala.2003); see also Malone v. Gainey, 726 So.2d 725, 725 n. 2 (Ala.Civ.App.1999).' First Southern Bank v. O'Brien, 931 So.2d 50, 52 n. 3 (Ala.Civ.App.2005).
"On May 18, 2006, the trial court entered a final judgment in which it fully addressed the issue of a property division and disposed of the remaining issues pending between the parties. We note that the father erroneously asserts that the May 18, 2006, judgment was a nullity because, he contends, it was entered outside the 90 days allowed by Rule 59.1, Ala. R. Civ. P., which sets forth time limits for ruling on a valid postjudgment motion. We conclude, however, that the May 18, 2006, judgment constituted the final judgment in this matter. The father filed his notice of appeal on June 6, 2006, and, therefore, the appeal was taken from a final judgment and was timely filed. See Rule 4(a)(1), Ala. R.App. P. (an appeal must be filed within 42 days of the entry of a final judgment).1
"1. Because the father asserted that the May 18, 2006, judgment was a nullity, the arguments in his brief to this court address only the January 3, 2006, order. We address the father's appeal as if the arguments in his brief were asserted with regard to the May 18, 2006, final judgment."
In Dunn v. Dunn I, supra, this court affirmed the custody and property-division provisions of the trial court's divorce judgment.
Thereafter, on October 12, 2007, Cynthia A. Dunn ("the wife") filed a motion to interplead funds and a motion to enforce the trial court's divorce judgment. The wife paid $28,976.80 into the court; that amount represented the proceeds from the sale of the parties' marital home. In her October 12, 2007, motion to enforce the divorce judgment, the wife alleged that a dispute had arisen between the parties regarding the manner in which the trial courts January 3, 2006, and May 18, 2006, order which were part of the final divorce judgment, provided for the disbursement of the proceeds from the sale of the marital home. The wife set forth an argument supporting her position in that dispute. On November 20, 2007, Anthony Wayne Dunn ("the husband") filed a motion for a judgment on the pleadings, arguing that his interpretation of the divorce judgment supported that motion. The wife filed an opposition to the arguments the husband had asserted in his motion for a judgment on the pleadings, and the husband responded to that opposition.
With regard to the division of the parties' property, the divorce judgment ordered, among other things, that the husband pay the wife $12,272.34, representing her portion of his interest in a limited-liability company ("the LLC"), from the proceeds of the sale of the marital home. The trial court's divorce judgment also ordered that the proceeds from the sale of the marital home be used to repay the parties' marital debt. In this action, the parties dispute whether the proceeds from *707 the sale of the marital home should first be applied to pay the wife her interest in the LLC or whether the proceeds from the sale of the marital home should first be applied to the repayment of marital debt. The confusion arises from the different treatment of those issues in the January 3, 2006, order and the May 18, 2006, order and from this court's characterization of the property division, which did not address whether the interest in the LLC awarded to the wife was to be paid from the proceeds of the marital home. See Dunn v. Dunn I, 972 So.2d at 816-17.
The trial court's January 3, 2006, order in the divorce action provided, in relevant part:
"This Court has previously ordered that the marital home be turned over to a licensed real estate broker. Said real estate broker shall have six (6) months within which to sell the home. In the event that the home is not sold within the six month period, the Clerk is hereby directed to sell the home at public action after advertising said property for a period of three consecutive weeks in a newspaper of general circulation in Fayette County. The [husband] shall be responsible for making the mortgage payments on the marital home until such time as the home is sold.
"Be it further ORDERED that the [husband] shall pay to the [wife] one-half of his one-third interest of the equity in the [LLC] from his portion of the sale of the marital home. If there is not enough equity in the marital home to accomplish this, the [husband] shall have ninety (90) days within which to pay said sum to the [wife]. The Court hereby calculates the [husband's] one-third interest as Three Hundred Thirty-Four Thousand Dollars ($334,000) less the Two Hundred Sixty Thousand Three Hundred Sixty-six Dollars ($260,366), leaving an excess of Ninety Nine Thousand Six Hundred Thirty-four Dollars ($99,634). Therefore, [the husband]'s one third interest would be Thirty-three Thousand Two Hundred Eleven and 33/100 Dollars ($33,211.33) and one-half of said sums which the [husband] is Ordered to pay to the [wife] would be Sixteen Thousand Six Hundred Five and 67/100 Dollars ($16,605.67).
"It is further ORDERED, ADJUDGED and DECREED that the [wife] is awarded the time share property owned by the parties which is located in New Orleans, Louisiana, and that the [husband] shall execute whatever documents necessary to transfer all right, title and interest over to the [wife]."
The trial court's May 18, 2006, order, which resolved the issues that remained pending in the divorce action, provided, in relevant part:
"The Court entered a Final Order on [January 3, 2006]. The [father] filed a Motion for a New Trial or in the Alternative to Alter, Amend or Vacate Judgment. The Court having considered the Motion and the argument of counsel finds the Motion should be granted in part and denied in part, it is THEREFORE, ORDERED, ADJUDGED AND DECREED AS FOLLOWS:
"1. The Court finds that the [husband] has a one-third interest in [the] LLC. The Court hereby calculates the [husband's] interest as follows: The property owned by [the] LLC was appraised at Three Hundred Thirty Four Thousand Dollars ($334,000) less the debt owed of Two Hundred Sixty Thousand Three Hundred Sixty-Six Dollars ($260,366) leaving an excess of Seventy Three Thousand Six Hundred Thirty-Four Dollars ($73,634). Therefore, the [husband's] one-third interest in [the] LLC is Twenty Four Thousand Five *708 Hundred Forty Four and 67/100 Dollars ($24,544.67). The [wife's] interest in [the] LLC being Twelve Thousand Two Hundred Seventy Two and 34/100 Dollars ($12,272.34).
"The Court finds that the testimony at trial indicated the parties own a condominium in New Orleans Louisiana, that has a value of Fifteen Thousand Dollars ($15,000).
"The [husband] is awarded all right title and interest in [the] LLC and the [wife] is divested of the same. The [wife] is awarded the time share property owned by the parties which is located in New Orleans, Louisiana. The [husband] is divested of all right title and interest in the condominium in New Orleans, Louisiana, and shall execute whatever documents necessary to transfer all right, title and interest to the [wife].
"2. The Court finds that the parties have marital debt consisting of a note and mortgage at the Citizens Bank of Fayette on the marital home, credit card debt, and a personal loan at the Citizens Bank. The [husband] has made all the payments on the marital debts since the parties' separation in May 2004. The [husband] is ordered to continue to make payments on the parties' marital debt until the marital home is sold.
"3. Upon the sale of the marital home, the proceeds will be applied first to the costs associated with the sale of the marital home, the debt owed on the marital home and then the remaining marital debt of the parties. If the proceeds from the sale of the marital home are not sufficient to pay the marital debt, the [husband] is ordered to pay the remainder of the marital debt and to hold the [wife] harmless for the same. If the proceeds from the sale of the marital home exceed the marital debts the party's will split the proceeds equally.
"....
"5. All provisions of the Courts previous Order not changed by this Order remain in full force and effect."
Before the trial court, the wife argued that the May 18, 2006, order did not alter that portion of the January 3, 2006, order that required the husband to pay the wife for her interest in the LLC from the proceeds of the marital home. The wife cited the last paragraph of the May 18, 2006, order that states that any provisions in the January 3, 2006, order not changed by the May 18, 2006, order would remain in effect. The husband contended, however, that paragraph 2 of the May 18, 2006, order altered the January 3, 2006, order by requiring that the marital debts should be paid first from the proceeds of the sale of the marital home.
In its February 11, 2008, judgment in this action, the trial court noted several undisputed facts, among which was the fact that the husband had failed to pay the wife the $12,227.34 for her interest in the LLC within 90 days of the sale of the marital home or within 90 days of the issuance of the decision of this court in Dunn v. Dunn I. The court also noted that the case had been "tried extensively" earlier. The court then stated:
"The Court finds that the submission of the [husband] evinces a clear misunderstanding of the proper operation of this Court's orders of January 3, 2006, and May 18, 2006. The intent of the Court in the two orders of January 3, 2006, and May 18, 2006, was to establish a property division whereby the marital home would be sold, and whereby the [wife] would be paid $12,272.34 out of the sale of the marital home, with that figure representing one-half of one-third of the value of the [LLC], and with the *709 [husband] being left vested in the actual title to the [LLC]."
The husband timely appealed the trial court's February 11, 2008, judgment.
As an initial matter, we note that the father relied on Rule 12(c), Ala. R. Civ. P., in moving for the entry of a judgment in his favor. Pursuant to Rule 12(c), a party may move for a judgment on the pleadings. The parties' pleadings contained quotations from the orders at issue in this matter, and the parties relied on those quotations in asserting their respective positions. Our courts have stated that "[a]ny exhibits attached to a pleading are considered a part of the contents of the pleading." Tuscaloosa City Bd. of Educ. v. American/Owens, Inc., 486 So.2d 405, 407 (Ala.1986); see also McCullough v. Alabama By-Prods. Corp., 343 So.2d 508, 510 (Ala.1977) ("Under Alabama law, an exhibit attached to a pleading is not only a part of it, but, in case of a variance between the allegations of the pleading and the exhibit attached thereto, the contents of the exhibit control."). Similarly, exhibits or documents quoted in pleadings, as in this case, may be considered part of the contents of the pleadings for the purpose of Rule 12(c).
"`A Rule 12(c) motion for judgment on the pleadings disposes of a case when the material facts are not in dispute.' McCullough v. Alabama By-Prods. Corp., 343 So.2d 508, 510 (Ala.1977). `When such a motion is made, the trial court reviews the pleadings filed in the case and, if the pleadings show that no genuine issue of material fact is presented, the trial court will enter a judgment for the party entitled to a judgment according to the law.' B.K.W. Enterprises, Inc. v. Tractor & Equip. Co., 603 So.2d 989, 991 (Ala.1992). Moreover, a judgment on the pleadings is subject to de novo review, and the facts in the complaint are to be accepted as true and are to be viewed in the light most favorable to the nonmoving party. See Ortega v. Christian, 85 F.3d 1521, 1524-25 (11th Cir.1996)."
Harden v. Ritter, 710 So.2d 1254, 1255-56 (Ala.Civ.App.1997).
On appeal, the husband argues that the trial court erred in reaching its February 11, 2008, judgment. Specifically, the husband contends that the trial court's judgment constituted an impermissible modification of the property-division provisions of the divorce judgment. A trial court loses jurisdiction to modify a property division in a divorce judgment 30 days after the entry of the judgment. Hocutt v. Hocutt, 491 So.2d 247, 248 (Ala.Civ.App. 1986). This court has held, however, that if the provisions of a property settlement are vague or ambiguous, a judgment interpreting or clarifying the property settlement does not constitute a modification of the property settlement. Williams v. Williams, 591 So.2d 879, 880 (Ala.Civ.App. 1991); see also Granger v. Granger, 804 So.2d 217, 219 (Ala.Civ.App.2001); Grayson v. Grayson, 628 So.2d 918 (Ala.Civ. App.1993). Further, a trial court has the inherent power to interpret, clarify, and enforce its orders and judgments. Granger v. Granger, supra; Patterson v. Patterson, 518 So.2d 739, 742 (Ala.Civ.App. 1987).
We disagree with the husband's argument that the trial court's January 3, 2006, order and its May 18, 2006, order were, when considered together, clear and unambiguous with regard to the payment to the wife for her interest in the LLC. The January 3, 2006, order clearly stated that the wife was to be paid for her interest in the LLC from the proceeds of the *710 sale of the marital home.[1] The May 18, 2006, order stated that it intended to leave in place all unaltered provisions of the January 3, 2006, order. However, that order also provided that, upon the sale of the marital home, the proceeds of that sale were to be applied "first" to the repayment of marital debt.
"If there is uncertainty in a judgment the court must construe it so as to express the intent of the trial judge, which intent can be derived from the provisions of the judgment." Erbe v. Eady, 406 So.2d 936, 938 (Ala.Civ.App.1981) (citing Price v. Price, 360 So.2d 340 (Ala.Civ.App. 1978)). The January 3, 2006, order required the payment of the wife's interest in the LLC from the proceeds of the sale of the marital home and, if the proceeds of the sale of the marital home were not sufficient to pay for that interest, the husband had 90 days to pay the wife for her interest in the LLC. A reasonable interpretation of the two orders at issue is that the wife's interest in the LLC must be paid from the proceeds of the sale of the marital home. That conclusion is buttressed by the trial court's statement in its February 11, 2008, judgment that it intended that result. Accordingly, to the extent that the February 11, 2008, judgment requires that the husband pay the wife her interest in the LLC from the proceeds of the sale of the marital home, the judgment is due to be affirmed.
However, as the husband points out in his appellate brief, the provisions of the May 18, 2006, order required that the remaining marital debt be paid, to the extent possible, from any amounts remaining from the proceeds of the sale of the marital home. In its February 11, 2008, judgment, the trial court ordered that the wife be paid for her interest in the LLC from the proceeds of the sale of the marital home and that the remaining proceeds then be divided. It is clear from the provisions of the May 18, 2006, order however, that the intent of the trial court in entering its divorce judgment was that, after the payment to the wife for her interest in the LLC from the proceeds of the sale of the marital home, the remaining proceeds from that sale were to be used to repay the parties' marital debt, to the extent possible. The May 18, 2006, order further provided that, if any proceeds from the sale of the marital home remained after the payment to the wife and the repayment of the parties' marital debt, that amount was to then be divided equally between the parties. Accordingly, we conclude that the trial court erred in ordering that, after the wife was compensated for her interest in the LLC, the remaining proceeds of the sale of the marital home were to be divided between the parties rather than applied to the repayment of the parties' marital debt. Therefore, as to this issue, we reverse the trial court's judgment and remand the cause for the entry of a judgment consistent with this opinion.
The parties' requests for an attorney fee are denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
PITTMAN, BRYAN, and THOMAS, JJ., concur.
MOORE, J., concurs in part and dissents in part, with writing.
*711 MOORE, Judge, concurring in part and dissenting in part.
I concur with the main opinion to the extent that it concludes the trial court erred by ordering that the proceeds from the sale of the marital home ("the proceeds") were to be divided between the parties before the parties' marital debts were paid. Otherwise, I respectfully dissent from the main opinion because I agree with the husband's argument that the January 3, 2006, order and the May 18, 2006, order, when read together, are clear and unambiguous with regard to the order of distribution of the proceeds.
In the January 3, 2006, order, the husband was ordered to pay to the wife one-half of his interest in the LLC from his portion of the proceeds. That order also provided that if there was not enough equity in the marital home for the husband to pay the wife her interest in the LLC, he must still do so within 90 days of the sale of the marital home. The January 3, 2006, order, however, did not provide the manner in which the husband's share of the proceeds was to be determined, nor did it provide the order in which the proceeds were to be distributed.
In the May 18, 2006, order, the trial court completed the January 3, 2006, order by setting forth the order in which the proceeds were to be distributed and the manner in which the husband's share of the proceeds were to be determined. The May 18, 2006, order provides that the proceeds were to be applied in the following order: (1) to pay the costs associated with the sale of the marital home, (2) to pay the debt associated with the marital home, and (3) to pay other marital debts. If any proceeds remained, they were to be divided equally between the husband and the wife.
Reading the January 3, 2006, order and the May 18, 2006, order together, it is clear that the proceeds are to be distributed in the order set forth in the May 18, 2006, order and that the husband's share of the proceeds are to be determined after the aforementioned debts are paid. According to the January 3, 2006, order, the wife's interest in the LLC was to be paid from the husband's share of the proceeds.[2] There is nothing in either the January 3, 2006, order or the May 18, 2006, order to suggest that the proceeds are to be applied first to paying the wife for her interest in the LLC.
Based on the foregoing, I conclude that the January 3, 2006, order and the May 18, 2006, order were clear and unambiguous with regard to the order of distribution of the proceeds and that the trial court's February 11, 2008, judgment was an impermissible modification of the final judgment entered in the parties' divorce action. I would reverse the trial court's judgment and remand the cause with instructions to enter a judgment providing for the distribution of the proceeds as set forth above.
NOTES
[1] The order actually specifies that the wife's interest in the LLC be paid from the husband's portion of the proceeds of the sale of the marital home. However, the wife has not challenged the trial court's judgment on appeal, and, therefore, we do not address that issue.
[2] Because the issue was not raised on appeal, I express no opinion as to whether the May 18, 2006, order nullified the husband's obligation to pay the wife for her interest in the LLC.