THOMPSON, Presiding Judge.
 

 This is the third time Anthony Wayne Dunn (“the husband”) has appealed from a judgment pertaining to his divorce from Cynthia A. Dunn (“the wife”). In
 
 Dunn v. Dunn,
 
 972 So.2d 810 (Ala.Civ.App.2007)
 
 (“Dunn v. Dunn
 
 I”), this court affirmed the custody and property-division provisions of the parties’ divorce judgment.
 

 Thereafter, a dispute arose between the parties concerning the interpretation of certain of the property-division provisions of the divorce judgment. In
 
 Dunn v. Dunn,
 
 12 So.3d 704 (Ala.Civ.App.2008)
 
 (“Dunn v. Dunn II
 
 ”), this court explained the history and facts regarding that dispute as follows:
 

 “[0]n October 12, 2007, [the wife] filed a motion to interplead funds and a motion to enforce the trial court’s divorce judgment. The wife paid $28,976.80 into the court; that amount represented the proceeds from the sale of the parties’ marital home. In her October 12, 2007, motion to enforce the divorce judgment, the wife alleged that a dispute had arisen between the parties regarding the manner in which the trial court [ ] ... provided for the disbursement of the proceeds from the sale of the marital home.... [The husband] filed a motion for a judgment on the pleadings, arguing that his interpretation of the divorce judgment supported that motion....
 

 “With regard to the division of the parties’ property, the divorce judgment ordered, among other things, that the husband pay the wife $12,272.34, representing her portion of his interest in a limited-liability company (‘the LLC’), from the proceeds of the sale of the marital home. The trial court’s divorce judgment also ordered that the proceeds from the sale of the marital home be used to repay the parties’ marital debt. In this action, the parties dispute whether the proceeds from the sale of the marital home should first be applied to pay the wife her interest in the LLC or whether the proceeds from the sale of the marital home should first be applied to the repayment of marital debt. The confusion arises from' the different treatment of those issues in the January 3, 2006, order' and the May 18, 2006, [divorce judgment] and from this court’s characterization of the property division, which did not address whether the interest in the LLC awarded to the wife was to be paid from the proceeds of the marital home.
 
 See Dunn v. Dunn I,
 
 972 So.2d at 816-17.
 

 [[Image here]]
 

 “In its February 11, 2008, judgment in this action, the trial court noted several undisputed facts, among which was the fact that the husband had failed to pay the wife the $12,227.34 for her interest in the LLC within 90 days of the sale of the marital home or within 90 days of the issuance of the decision of this court in
 
 Dunn v. Dunn I.
 
 The court also noted that the case had been ‘tried extensively’ earlier. The court then stated:
 

 “ ‘The Court finds that the submission of the [husband] evinces a clear misunderstanding of the proper operation of this Court’s orders of January 3, 2006, and May 18, 2006. The intent of the Court in the two orders of January 3, 2006, and May 18, 2006, was to establish a property division whereby the marital home would be
 
 *196
 
 sold, and whereby the [wife] would be paid $12,272.34 out of the sale of the marital home, with that figure representing one-half of one-third of the value of the [LLC], and with the [husband] being left vested in the actual title to the [LLC].’ ”
 

 Dunn v. Dunn II,
 
 12 So.3d at 706-09. In its February 11, 2008, judgment, the trial court also determined that, after the wife had been paid from the proceeds of the sale of the marital home for her interest in the LLC, the remainder of the proceeds were to be evenly divided between the parties.
 

 According to the trial court clerk, on February 11, 2008, the trial court clerk disbursed to the parties the amounts specified in the February 11, 2008, judgment. The husband points out that in its February 11, 2008, judgment, the trial court awarded each party one-half of the amount remaining after the payment to the wife of $12,272.34 for her interest in the LLC (which was $16,704.46). Thus, in its February 11, 2008, judgment, the trial court determined that the husband and the wife were each entitled to receive approximately $8,352.23.
 
 Dunn v. Dunn II,
 
 supra.
 

 The husband refused to accept the disbursement, and he later appealed the February 11, 2008, judgment. The husband also moved for and was granted a supersedeas bond in the amount of $30,000. The wife, however, accepted the funds disbursed to her on February 11, 2008. Thus, at the time the husband appealed and the trial court entered its order establishing a supersedeas bond, the trial court clerk no longer had access to the funds already paid to the wife.
 
 [1]
 
 In March 2008, after the trial court had entered its order awarding the husband a supersedeas bond, the trial court clerk deposited into an interest-bearing account the $8,352.23 returned to it by the husband, which represented the amount awarded to the husband under the February 11, 2008, judgment. The $8,352.23 constituted the only funds remaining from the amount originally interpleaded into the trial court.
 

 In
 
 Dunn v. Dunn II,
 
 12 So.3d at 710, this court affirmed the trial court’s determination that the payment to the wife for her interest in the LLC was to be paid from the proceeds of the sale of the marital home. However, this court reversed the trial court’s determination that the proceeds remaining from the proceeds of the sale of the marital home after the wife had been paid for her interest in the LLC were to be evenly divided between the parties. This court held that the divorce judgment clearly established that the remaining proceeds from the sale of the marital home were to be first applied toward the repayment of the parties’ marital debt and that any funds' remaining after the repayment of the marital debt were to be divided between the parties.
 
 [2]
 

 Dunn v. Dunn II,
 
 12 So.3d at 710. On January 23,
 
 *197
 
 2009, this court entered its certificate of judgment in
 
 Dunn v. Dunn II,
 
 supra.
 

 Also on January 23, 2009, the husband filed in the trial court a motion requesting that the trial court conduct a hearing before entering its final judgment in compliance with this court’s holding in
 
 Dunn v. Dunn II,
 
 supra. On May 26, 2009, the trial court entered the following order:
 

 “This cause comes before the Court upon the issuance of the opinion of the Alabama Court of Civil Appeals in
 
 [Dunn v. Dunn II]
 
 on December 31, 2008.
 

 “On March 13, 2009, this Court conducted a hearing by telephone call to determine what to do with the inter-pleaded funds remaining with the Clerk of the Court in light of the mandate of the Court of Civil Appeals.
 

 “The Court finds that the funds presently in the custody and control of the Clerk of the Court are due to be paid out to the plaintiff Wayne Dunn.
 

 “It is hereby ORDERED, ADJUDGED and DECREED as follows.
 

 “1. That the Clerk of the Court pay to Wayne Dunn all interpleaded sums remaining in the custody and control of the Clerk of the Court.
 

 “2. Costs of this interpleader action are taxed as paid.”
 

 As indicated earlier in this opinion, the interpleaded funds remaining in the control of the trial court clerk were the $8,352.23 the trial court clerk had not disbursed to the wife on February 11, 2008 and which the husband had refused to accept, plus accrued interest on that amount. At the time of the entry of the May 26, 2009, judgment, the value of the funds within the control of the trial court had increased to $8,495.95.
 
 [3]
 
 The husband timely appealed from the May 26, 2009, judgment.
 

 On appeal, the husband contends that the trial court’s May 26, 2009, judgment did not comply with this court’s instructions in
 
 Dunn v. Dunn II.
 

 “It is well settled that, after remand, the trial court should comply strictly with the mandate of the appellate court by entering and implementing the appropriate judgment. See
 
 Walker v. Humana Medical Corp.,
 
 423 So.2d 891, 892 (Ala.Civ.App.1982). In
 
 Ex parte Alabama Power Co.,
 
 431 So.2d 151, 155 (Ala.1983), we held:
 

 “ ‘ “It is the duty of the trial court, on remand, to comply strictly with the mandate of the appellate court according to its true intent and meaning, as determined by the directions given by the reviewing court. No judgment other than that directed or permitted by the reviewing court may be entered .... The appellate court’s decision is final as to all matters before it, becomes the law of the case, and must be executed according to the mandate, without granting a new trial or taking additional evidence....” 5 Am.Jur.2d,
 
 Appeal & Error
 
 § 991 (1962).
 

 [[Image here]]
 

 “In
 
 Erbe v. Eady,
 
 447 So.2d 778, 779 (Ala.Civ.App.1984), the Court of Civil Appeals held:
 

 “ ‘When a case is remanded to a trial court after a decision on appeal, “issues decided by the appellate court become law of the case and the trial court’s duty is to comply with the appellate mandate....”
 
 Walker v. Carolina Mills Lumber Company,
 
 441 So.2d 980, 982 (Ala.Civ.App.1983).
 
 *198
 
 The trial court is not free to reconsider issues finally decided in the mandate .... ”
 

 Auerbach v. Parker, 558
 
 So.2d 900, 902 (Ala.1989).
 

 The wife originally interpleaded $28,976.80 into the trial court.
 
 Dunn v. Dunn II,
 
 supra. Thus, according to this court’s holding in
 
 Dunn v. Dunn II,
 
 supra, $12,272.34 of that amount was to be deducted for the payment of the wife’s interest in the husband’s LLC, but the remainder of approximately $16,704.46 was to be applied to the repayment of the parties’ marital debt rather than divided as directed by the trial court in its February 11, 2008, judgment. The husband contends that in its May 26, 2009, judgment on remand, the trial court failed to award him the $16,704.46 for the repayment of the marital debt and that, instead, the May 26, 2009, judgment is identical to the February 11, 2008, judgment that this court reversed in part in
 
 Dunn v. Dunn II,
 
 supra. The record supports that argument.
 

 In its March 26, 2009, judgment, the trial court ordered paid to the husband the remaining amount of the interpleaded funds, or $8,495.95, which represented the amount originally awarded to the husband in the February 11, 2008, judgment, together with interest that had accrued since the entry of that judgment. Thus, as the husband contends, even after remand, the trial court entered essentially the same judgment as the one reversed in part by this court in
 
 Dunn v. Dunn II,
 
 supra.
 

 In
 
 Dunn v. Dunn II,
 
 supra, this court ordered the trial court to enter a judgment in compliance with this court’s holding in that case. The trial court has failed to comply with this court’s appellate mandate.
 
 See Auerbach v. Parker,
 
 558 So.2d at 902. Accordingly, we reverse the May 26, 2009, judgment and remand the cause for the entry of a judgment in compliance with Dunn
 
 v. Dunn II,
 
 supra, and this opinion.
 

 The husband also contends that the trial court erred in holding a telephone conference on his motion rather than conducting the hearing the husband requested. The husband cites no authority in support of that argument, and, therefore, this court does not address it.
 
 Pierce v. Helka,
 
 634 So.2d 1031, 1033 (Ala.Civ.App.1994).
 

 The husband’s request for an attorney fee is denied.
 

 REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . The wife erroneously contends that the husband could have appealed the trial court clerk’s disbursement of the funds. The husband properly, and partially successfully, appealed the February 11, 2008, judgment arguably authorizing that disbursement.
 
 Dunn v. Dunn II,
 
 supra. "When a judgment is reversed on appeal, the general rule is that the party who received the benefit thereof must make restitution to the other party of money or property received.”
 
 St. Regis Paper Co. v. Kerlin,
 
 476 So.2d 64, 66 (Ala.1985);
 
 see also Woolwine v. Woolwine,
 
 549 So.2d 512, 514 (Ala.Civ.App.1989) ("[R]estitution is a favored remedy which should be granted unless inequities would result from such an action.”).
 

 [2]
 

 . At the time the divorce judgment was entered, the marital debt was approximately $33,373.
 
 Dunn v. Dunn I,
 
 972 So.2d at 817. The divorce judgment specified that the husband would be responsible for paying any marital debt not satisfied by the proceeds of the sale of the marital home.
 
 Id.
 
 at 814.
 

 [3]
 

 . The record on appeal contains the monthly statements from the interest-bearing account; those statements document the accrual of interest on the funds deposited in March 2008.