This is an appeal by plaintiffs, Mildred and M.G. McCollum, from a judgment entered in their action to have determined the true common boundary line between plaintiffs' property and the adjoining property of defendants, Joseph and Gwendoline Reeves, situated in Marshall County. We affirm.
The parties are coterminous landowners with two common boundary lines. The parties had been neighbors for nearly 30 years when a dispute arose over one of the common boundary lines, which is the south line of the plaintiffs' property. The original action was prompted when the plaintiffs read a newspaper article concerning the defendants' request that the county close a paved public road that ran over the defendants' *Page 15 
property near the plaintiffs' southern boundary. The road had been used primarily by defendants for business purposes and by plaintiffs as access to the east side of their property. Defendants claimed that they would be the only property owners affected by closing the road.
Uncertain of the actual location of their southern boundary line, but believing that they owned property to the paved road, plaintiffs proceeded with a survey of their property. As the surveyor was attempting to run the plaintiffs' southern boundary, one of the common lines between the parties' properties, defendants protested and thus prevented that final line of the survey from being run. Thereafter, plaintiffs petitioned the court to order the survey completed and to establish the boundary line as indicated by the completed survey.
After hearing ore tenus evidence without a jury, the trial court did not grant plaintiffs' request regarding the survey, but entered an order adjudging as follows:
 "1. That the south line of the plaintiffs' property which adjoins the property of the defendants is the old fence line.
 "2. That in establishing said boundary line and fence line, which are the same, the parties shall use the oldest fence post[s] still standing and places along said former fence line where it can be ascertained that a post was formerly placed or existed, and the parties shall ignore trees. The east end of said line is the forty-corner, (the southeast corner of the Northeast 1/4 of the Southeast 1/4 of Section 23, Township 9, Range 2 East), and said line ends on the west at the center of Big Spring Creek.
 "3. The court was not asked to ascertain the existence of any easements or rights to the use of public roads, and the court, therefore, expresses no opinion on these issues."
Plaintiffs' motion for "New Trial or Rehearing and Other Relief" was denied. This appeal followed.
Plaintiffs argue that the trial court's judgment should be reversed because it is not supported by sufficient evidence. They also maintain that the establishment of the fence line as the proper common boundary does not comport with § 35-3-3, Code of 1975, which provides that the "judgment shall locate and define the boundary lines involved by reference to well-known permanent landmarks." Plaintiffs contend that, here, only one well-known landmark, the southeast corner of the quarter-quarter section was referenced. Plaintiffs further contend that when the fence line was established as the common boundary, the trial court, in effect, accepted defendants' claim of adverse possession up to the fence. Finally, plaintiffs claim that the trial judge was obligated, under Rule 54(c), A.R.Civ.P., to grant them an easement for ingress and egress over the disputed land; thus, they say, his refusal to render a judgment regarding an easement was reversible error. After reviewing the record, we conclude that no reversible error was committed by the trial court in fixing the boundary or in refusing to rule on whether plaintiffs are entitled to an easement across defendants' property.
When based upon testimony submitted ore tenus in a suit to fix a boundary line, the judgment of the court will be affirmed if there is any credible evidence to support it. Pinson v.Veach, 388 So.2d 964 (Ala. 1980); Ray v. Robinson,388 So.2d 957 (Ala. 1980). In fact, the judgment of the trial court will not be reversed unless there is a clear preponderance of the evidence against it or unless it is plainly erroneous or manifestly unjust. Ferrell v. Shomo Land Co., 345 So.2d 297
(Ala. 1977); Jones v. Wise, 282 Ala. 707, 213 So.2d 914 (1968).
In the case at bar, there is evidence to support the judgment of the trial court establishing the fence line as the boundary between the parties. The description contained in the plaintiffs' 1939 deed to their land expressly excludes the land south of the fence:
 "the NE 1/4 of the SE 1/4 of Section twenty-three (23) township nine (9) Range two containing forty 80/100 acres less all of land tract of land lying west of an old mill race, known as the old McHuffey's old mill race and south of a fence or fence row running on east west line between the land of John McDerment *Page 16 [defendants' predecessor] Joe Niamon [plaintiffs' predecessor]." (Emphasis added.)
Testimony established that, although the fence set as the boundary line had been mended and portions of it had been replaced throughout the years, it had remained in substantially the same location where plaintiffs' predecessor had erected it over 50 years ago. Since plaintiffs had in some spots tacked the fence to trees when mending it, the trial court, in placing the boundary at the fence line, stated that "the parties shall use the oldest fence post[s] still standing and places along said former fence line where it can be ascertained that a post was formerly placed or existed, and the parties shall ignore trees." It is well settled that "[w]here permanent monuments, natural or artificial, are already on the ground, shown in evidence, and incorporated in the decree, this will suffice."Baldwin v. Harrelson, 229 Ala. 469, 158 So. 416 (1934). Plaintiffs have admitted that the southeast corner was an established boundary point. The court directed that this corner would serve as the east end of the boundary line and that the center of Big Spring Creek would serve as the west end. Thus, the court did not violate § 35-3-3 in directing that old fence posts be used in fixing the boundary.
Moreover, § 35-3-3 further provides:
 "[I]f it shall be deemed for the interest of the parties, after the entry of judgment, the court may direct a competent surveyor to establish a permanent stone or iron landmark in accordance with the judgment from which future surveys of the land embraced in the judgment shall be made."
Thus, if the boundary line as fixed in the trial court's order is considered by the plaintiffs to be insufficient in some way, they are free to ask the court to have a surveyor establish an additional "permanent stone or iron landmark in accordance with the judgment."
In addition to evidence of the deed, there was testimony that the plaintiffs had on numerous occasions requested and received permission from the defendants to cross the fence line in order to gain access to the paved road. Further, defendants testified that at the time they bought their property, Mr. McCollum walked off the fence line with Mr. Reeves, indicating the fence as the boundary line between their properties. There was also evidence that the defendants have maintained the property up to the fence line. This evidence is sufficient to support the trial court's judgment.
Plaintiffs also contend the trial court erred in ruling that "[t]he court was not asked to ascertain the existence of any easements or rights to the use of public roads, and the court, therefore, expresses no opinion on these issues." They argue that the issue of ingress/egress was tried by implied consent, Rule 15(b), A.R.Civ.P., and further that their general prayer for relief entitles them, under Rule 54(c), to relief in the form of a declaration of an easement over that property between the fence line and the paved road.
Rule 54(c) states:
 "Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."
The applicable scope of operation of this rule is explained in the committee comments thereto, which state: "[T]his rule is only applicable where the proof supports the relief finally given, and where, therefore, pursuant to Rule 15(b), the pleadings could be deemed to be amended to conform to the evidence."
The trial court's refusal to issue a ruling regarding plaintiffs' right to an easement indicates that the issue of ingress/egress was in fact not litigated by the implied consent of the parties. The determination "as to whether [an] issue has been tried by express or implied consent under Rule 15(b) is a matter for the trial court's discretion, which will not be altered on appeal absent an abuse thereof." Travelers IndemnityCo. v. Capitol City Haulers, Inc., 393 So.2d 1012, 1013
(Ala.Civ.App. 1980). Similarly, whether pleadings are deemed to be amended in order to conform to the evidence presented is also a matter within the discretion of the trial *Page 17 
court. Such decisions will not be reversed absent an abuse of discretion. Hughes v. Wallace, 429 So.2d 981, 983 (Ala. 1983).
A review of the record in this case indicates that the trial court did not abuse its discretion in refusing to rule on plaintiffs' claim regarding their right to an easement. While plaintiffs contend that there was evidence establishing their use of the property between the fence and the road as access to parts of their property, the testimony concerning the plaintiffs' use of the "gap" in the fence was also relevant to the issue of the proper location of the boundary line. When a party contends that an issue was tried by express or implied consent and the evidence on that issue is also relevant to the issue expressly litigated, there is nothing to indicate that a new issue was raised at trial, and the pleadings are not deemed amended under Rule 15(b). Wright Miller, Federal Practice Procedure, Civil, § 1493 (1971).
Further, evidence in support of the trial court's judgment lies in the plaintiffs' own objections at trial. When the defendants attempted to elicit testimony regarding the plaintiffs' permissive use of the "gap" as access to plaintiffs' land, plaintiffs' counsel objected, stating, "We're not really getting into access at this point on it. Not from the pleadings." Later in the trial, plaintiffs' counsel objected to the admission of a picture of the land in question and stated, "I really don't understand what the gap's got to do with trying to get a boundary line established. It sounds like we're talking about ingress and egress more than the purpose of the pleadings in this case." Thus, the words of plaintiffs' counsel serve to negate plaintiffs' argument that the issue of their right of ingress and egress was actually litigated.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.