THIGPEN, Judge.
This is a post-divorce modification case.
The parties were divorced in 1987. In two amended orders issued in 1988 and 1989, the court granted the father custody of the parties’ two minor children, subject to the visitation rights of the mother. In the latter modification, the mother was also ordered to pay child support in the amount of $250.00 per month. In 1990, the mother filed a combined petition for rule nisi and petition to modify the final judgment of divorce in which she requested that 1) the trial court hold the father in contempt for interference with her court-ordered visitation with the parties’ two minor children; 2) custody of the parties’ two minor children be transferred to her; and 3) the father be ordered to pay child support in compliance with the child support guidelines. After receiving evidence ore tenus, the trial court ordered that custody of the parties’ two minor children to remain with the father and that he not be held in contempt. The court also ordered the father to file a bond in the amount of $5,000.00 with the circuit clerk to ensure his compliance with the court-ordered visitation rights of the mother. Failure on the part of the father to file the bond would result in a change of custody of the minor children, and further interference with the mother’s right of visitation would result in the father’s forfeiture of the bond. A motion by the father to alter or amend the judgment with regard to the bond was denied, and the father appeals.
The father raises one issue for our review. The father contends that it was reversible error for the court to order the father to file the $5,000.00 bond where the mother’s original petition to modify failed to comply with the requirements of the Code of Alabama 1975, § 30-3-6(b). Section 30-3-6(b) provides as follows:
“(b) In addition to any other remedy provided by law where an action is initiated for the enforcement of support, a court of this state having jurisdiction over the enforcement action may in its discretion, where request therefor is included in the petition or other pleading, issue an order requiring the obli-gor to post a bond, give security, or give some other guarantee to secure the payment of overdue support or compliance with visitation orders. The amount of security, bond, or other payment guarantee to be required is at the discretion of the court. Provided, that te (sic) petition or other original pleading shall clearly notify the obligor that, in addition to the relief being sought through the underlying enforcement proceeding, the petitioner or complainant is seeking to have the court set a bond, security, or other guarantee of payment. The obligor shall have the opportunity to be heard on the matter of the bond, security, or other guarantee of payment at the time of the hearing on the enforcement action.” (Emphasis added.)
The relevant facts in this case are undisputed. The petition filed by the mother contained absolutely no request for an order requiring the father to file a bond or give some other guarantee to ensure compliance with the visitation order. The applicable statute clearly requires that such petitions must include such a request, *415 which then serves as notice to the potential obligor. In the instant case, the father received no such notice until after the trial court’s final order, which is clearly in contravention of the statute. Therefore, we must reverse.
The mother cites numerous cases that stand for the proposition that such orders as the one which is the subject of this appeal are within the sound discretion of the trial court. All of these cases, however, arose prior to the enactment of § 30-3—6(b). The mother contends that to strictly enforce the language of this statute is to hamstring the trial court’s discretionary power. We are bound to follow the clear language of the Code. Unless a statute is ambiguous or unclear, we are not authorized to indulge in conjecture regarding the legislative intent or to look to the consequences of the interpretation of the law as written. Ex parte Presse, 554 So.2d 406 (Ala.1989).
We note that, previous to this action, the father had been held in contempt for failure to allow the mother visitation with the two minor children, and there was evidence presented to suggest he was continuing to interfere with said visitation. This court’s reversal of the trial court’s order should in no way be interpreted as condoning any such behavior on the part of the custodial parent. Should this kind of interference continue, the father may find himself yet again held in contempt or, given the possibility of a future petition in compliance with the applicable statute, being ordered to file just such a bond as gave rise to this appeal.
The judgment of the trial court is reversed and remanded for entry of an order consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
ROBERTSON, P.J., and RUSSELL, J., concur.