This post-divorce modification case presents a single issue: whether the trial court erred by ordering the noncustodial parent to pay the custodial parent $20 for each day the noncustodial parent failed to exercise visitation with the parties' children.
The parties were divorced in 1994. The mother was awarded custody of the two children born of the marriage, ages seven and eight, and the father was awarded visitation with the children every other weekend and for one month in the summer.
In 1995, the mother filed an action to modify the divorce judgment, requesting, among other things, a change in that portion of the judgment requiring each party to "provide half of the transportation" for the father's visitation with the children. At trial, the mother presented evidence that the parties had lived in the same town at the time of the divorce. Later, however, the father moved to Birmingham, and the mother moved to Huntsville. The mother testified that she had experienced inconvenience and expense because of her five-hour round trips twice a month to deliver the children to their father's residence. She asked the trial court to modify the divorce judgment to require the father to provide for the children's transportation during visitation periods.
In testifying about the inconvenience and expense caused by the visitation provision in the divorce judgment, the mother mentioned that, during the year the parties had been divorced, the father had failed to exercise his visitation rights on eight or nine occasions. The father testified that he had failed to exercise his visitation rights only six times, and each time, he stated, he had given the mother advance notice. The father explained that he had missed four visitation periods because he had been required by his employer to attend a training school in Texas and that he had missed one visitation period because he had to work during the Christmas holidays. The mother agreed that the father had given her advance notice each time he had been unable to exercise his visitation rights.
The trial court's modification order provided, in pertinent part, the following:
 "Contrary to the [father's] belief that visitation with his children is a privilege, it is also an obligation. Should the [father] fail to exercise his appointed visitation with the children he shall pay the [mother] the sum of $20.00 for each twenty-four hours so missed."
The father appeals, arguing that the trial court had no authority to impose a monetary penalty for missed visitation because (1) the mother did not request such relief in her complaint, (2) the issue was not tried by the express or implied consent of the parties, and (3) the penalty violates the mandate of Ala. Code 1975, § 30-3-6(b). The mother has not filed a brief on appeal.
Section 30-3-6 provides, in pertinent part, the following:
 "§ 30-3-6. Bond, security, or other guarantee to secure payment of overdue support or compliance with visitation order. *Page 738 
 "(a) As used in this section, the following terms shall have the following meanings:
". . . .
 "(3) OBLIGOR. Any person required to . . . comply with visitation orders.
". . . .
 "(b) In addition to any other remedy provided by law where an action is initiated for the enforcement of support, a court of this state having jurisdiction over the enforcement action may in its discretion, where request therefor is included in the petition or other pleading, issue an order requiring the obligor to post a bond, give security, or give some other guarantee to secure . . . compliance with visitation orders. The amount of security, bond, or other payment guarantee to be required is at the discretion of the court. Provided, that the petition or other original pleading shall clearly notify the obligor that, in addition to the relief being sought through the underlying enforcement proceeding, the petitioner or complainant is seeking to have the court set a bond, security, or other guarantee. . . . The obligor shall have the opportunity to be heard on the matter of the bond, security, or other guarantee of payment at the time of the hearing on the enforcement action."
(Emphasis added.) In Deal v. Deal, 587 So.2d 413
(Ala.Civ.App. 1991), this court held that the father was not required to post a bond to ensure his compliance with visitation orders, pursuant to Ala. Code 1975, § 30-3-6(b), because the mother's pleading failed to give him notice that she was requesting such relief.
We agree with the father that the mother's complaint did not seek sanctions against him for failing to visit the children. We also agree that the issue of sanctioning the father for his failure to visit the children was not tried by the express or implied consent of the parties. The determination of whether an issue has been tried by the express or implied consent of the parties within the meaning of Rule 15(b), Ala.R.Civ.P., is a matter that lies within the discretion of the trial court.McCollum v. Reeves, 521 So.2d 13 (Ala. 1987). That determination will not be reversed on appeal absent an abuse of discretion.Id. We hold that the trial court abused its discretion in determining that the issue of sanctions for the father's failure to exercise his visitation rights had been tried by the express or implied consent of the parties.
Moreover, even if the mother's complaint had raised the issue and the parties had actually litigated the matter, the trial court would have had no authority to impose a monetary penalty for the father's failure to visit the children. Although the trial court has broad powers to fashion equitable remedies in a domestic relations case, those remedies are imposable for the breach of a legal duty, not for the violation of a moral obligation. "In the absence of a legal duty, the breach of a moral duty does not suffice to invest . . . liability."Handley v. Richards, 518 So.2d 682, 686 (Ala. 1987)(Maddox, J., concurring specially) (quoting Hester v. Barnett, 723 S.W.2d 544
(Mo.App. 1987) and authorities cited therein).
Parents have some moral obligations that are not legally enforceable duties. See Ex parte Bronstein, 434 So.2d 780, 782
(Ala. 1983); In re Morris, 494 So.2d 87,89 (Ala.Civ.App. 1986). The responsibility of a divorced father to visit his children is a moral obligation, but not a legal duty. "The law does not mirror all prevailing moral standards." Brooks v. State,555 So.2d 1134, 1137 (Ala.Crim.App. 1989) (quoting Schwartz, "Moral Offenses and the Model Penal Code," 63 Colum.L.Rev. 669). See also May v. State, 672 So.2d 1310 (Ala. 1995)(Maddox, J., concurring specially)("There may be an 'obligation of attorneys to serve indigents,' but, at most, it is only a moral obligation, not a legal one, unless the attorney is directed to perform such services by a court") (quoting Sparks v. Parker,368 So.2d 528 (Ala.), appeal dismissed, 444 U.S. 803,100 S.Ct. 22, 62 L.Ed.2d 16 (1979)). Compare Shumaker v. Johnson,571 So.2d 991, 994 (Ala. 1990) (citing Kobos v. Everts,768 P.2d 534 (Wyo. 1989), wherein the court noted that a jury charge in a medical malpractice action "does not address *Page 739 
legal standard of care but merely speaks to a moral duty");Porter v. State, 570 So.2d 823, 826 (Ala.Crim.App. 1990)("For criminal liability to be based on a failure to act it must first be found that there is a duty to act — a legal duty and not simply a moral duty").
Upon remand, the trial court could facilitate visitation by modifying the terms of the "standard visitation" to allow alternative dates when the father cannot exercise visitation because of conflicts in work schedule or for other good cause.
That portion of the circuit court's judgment ordering the father to pay $20 for each day of missed visitation is reversed and the cause remanded.
REVERSED AND REMANDED.
THIGPEN and MONROE, JJ., concur.
ROBERTSON, P.J., and YATES, J., concur in the result.