These appeals arise out of a property dispute. Jerry Glenn Coaker and Audrey Ellen Coaker filed a complaint against adjoining landowners George T. Moss and Susan D. Moss, alleging trespass to property, damage to property, and negligent or wanton removal of dirt and timber from the Coakers' property. The Coakers later amended their complaint to allege that the Mosses were in unlawful possession of the disputed property and to seek a judgment declaring them to be the rightful owners of the property.
Teddy Williams, another landowner whose property adjoins the Mosses' property, filed a complaint and an amended complaint against the Mosses that was substantially identical to that filed by the Coakers.
The disputed property is a strip of property that lies at the eastern edge of the Mosses' property and at the western edge of both the Coakers' property and Williams's property.
The Coakers and Williams both filed a motion for a partial summary judgment on their claims alleging unlawful possession of the disputed portions of property and on their claims seeking a declaratory judgment. The trial court granted both motions for partial summary judgment, holding that the Coakers and Williams were the true owners of the disputed portions of property and that the Mosses had unlawfully possessed both portions of property. The trial court purported to certify its partial summary judgments as final pursuant to Rule 54(b), Ala.R.Civ.P. The Mosses filed a postjudgment motion, pursuant to Rule 59, Ala.R.Civ.P., in each of the actions. After those motions were purportedly denied by operation of law, see Rule 59.1, Ala.R.Civ.P., the Mosses appealed in each case.[1]
The Supreme Court of Alabama transferred the appeals to this court, pursuant to § 12-2-7, Ala. Code 1975. This court remanded the actions for the trial court to determine whether a Rule 54(b) certification of its partial summary judgments was appropriate and, if so, to enter an order in compliance with the requirements of Brown v. Whitaker Contracting Corp., 681 So.2d 226
(Ala.Civ.App. 1996). On remand, the trial court entered additional orders in the two actions. In each order, the court noted that the claims alleging trespass, damage to property, and negligent and wanton removal of timber and dirt from the properties were still pending, and that *Page 907 
if this court were to reverse its judgments, a trial would not be necessary.
Not every order has the requisite element of finality that can trigger the operation of Rule 54(b), Ala.R.Civ.P. James v.Alabama Coalition for Equity, Inc., 713 So.2d 937 (Ala. 1997). "Rule 54(b) certifications should be made only in exceptional cases and should not be entered routinely." Parrish v. BlazerFinancial Services, Inc., 682 So.2d 1383 (Ala.Civ.App. 1996). This case does not present a set of exceptional facts that would justify a Rule 54(b) certification of the partial summary judgments. The trial court has determined that the Coakers and Williams are the rightful owners of the disputed portions of property and that the Mosses unlawfully possessed the disputed pieces of property. Both the Coakers and Williams have asserted claims for damages against the Mosses for the Mosses' alleged interference with their property rights. The trial court's judgment does not adequately demonstrate a reason that this court should review the partial summary judgments before the adjudication of the remaining claims for damages in the two actions. See Brown v. Whitaker ContractingCorp., supra. The trial court's order states only that this court's review of its judgment on the issue of the ownership of the property would affect the necessity for a trial on the plaintiffs' claims for damages. However, courts do not favor appellate review in a piecemeal fashion. Brown v. Whitaker Contracting Corp, supra.
We conclude that the trial court's Rule 54(b) certifications were erroneous. Thus, the appeals are premature and must be dismissed for want of jurisdiction.
 APPEALS DISMISSED.
Robertson, P.J., and Yates, Monroe, and Crawley, JJ., concur.
[1] A postjudgment motion pursuant to Rule 59 may be made only in reference to a final judgment. Malone v. Gainey, 726 So.2d 725,725, n. 1 (Ala.Civ.App. 1999). Because we hold that the partial summary judgments were not final judgments, the Rule 59 motions did not operate to extend the time for appeal.