On June 13, 1995, Point Clear Landing, Inc. ("PCL"), filed an appeal in the Baldwin Circuit Court seeking a review of the *Page 370 
decision of the Baldwin County Board of Adjustment denying PCL's request for a variance to construct single-family housing on its property. PCL also named Baldwin County as a party in its appeal (those two parties are hereinafter referred to collectively as "the Board"). In the materials filed in the trial court, PCL alleged that it owned certain real property ("the subject property") located adjacent to Point Clear Landing Condominiums. PCL explained that it had originally intended to construct condominiums on the subject property but it had later elected to attempt to construct single-family dwellings on the property. PCL acknowledged in its filing that the construction of single-family dwellings on the subject property would conflict with the existing zoning ordinances.
On September 13, 1995, Point Clear Landing Association, Inc. ("the Association"), filed a motion to intervene in the circuit court. In that motion, the Association argued in favor of the Board's decision, citing, among other things, the language in the deed to the subject property that restricted the development of the property to its use for condominiums similar to the Point Clear Landing Condominiums. The Association also asserted that it had adversely possessed the property since July 1983, and it sought a judgment declaring, among other things, that PCL did not have a right to develop the subject property.
Thereafter, PCL amended its filings in the trial court to allege that a portion of the Board's enabling legislation was invalid; the trial court ultimately entered an order in favor of the Board on that issue and certified that order as final pursuant to Rule 54(b), Ala.R.Civ.P. No appeal was taken from that judgment. PCL and the Board later reached an agreement as to PCL's claims regarding the variance, and the trial court dismissed the Board as a defendant in the action.
PCL and the Association each amended its filings to assert claims against the other. In summary, PCL sought to enjoin the Association from renting boat slips on the subject property; sought damages in the amount of any rental fees from those boat slips; and sought damages on a claim alleging conversion. The Association sought the reformation of the description contained in the deed to the subject property.
On June 28, 2002, PCL again amended its claims against the Association, stating that the Association had purchased the subject property at a tax sale in December 1998, and asserting its intention to redeem the subject property pursuant to § 40-10-82, Ala. Code 1975. The Association answered, contending that PCL did not have statutory authority to redeem the subject property, but in the event the trial court ruled adversely on that issue, the Association was entitled, pursuant to § 40-10-83, Ala. Code 1975, to an award of the redemption price plus a reasonable attorney fee.
On October 8, 2002, the trial court entered an order granting PCL the right to redeem the subject property and awarding the Association certain amounts as the redemption price for the property. The trial court certified its October 8, 2002, order as final, pursuant to Rule 54(b), Ala.R.Civ.P. The Association appealed to the supreme court, which transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975. On appeal, the Association contends only that the trial court erred in concluding that PCL was entitled to redeem the property.
Before considering that issue, however, this court must first determine whether it has jurisdiction to consider this appeal. Not every order is subject to a Rule 54(b) certification, and such a certification "`should be made only in exceptional cases and should not be entered routinely.'"Moss v. Williams, 747 So.2d 905, *Page 371 
907 (Ala.Civ.App. 1999) (quoting Parrish v. Blazer Fin. Servs., Inc.,682 So.2d 1383, 1385 (Ala.Civ.App. 1996)). "`Appellate review in a piecemeal fashion is not favored, and trial courts should certify a judgment as final, pursuant to Rule 54(b), only in a case where thefailure to do so might have a harsh effect.'" Harper Sales Co. v. Brown,Stagner, Richardson, Inc., 742 So.2d 190, 192 (Ala.Civ.App. 1999) (citation omitted; emphasis added).
In this case, the resolution of the redemption issue will not necessarily resolve the primary issue in this case, which is the ownership of the subject property. Although PCL appears to possess current title to the property, the Association claims it has adversely possessed the property for the required 10 years. See Ramsey v. O'Neal,812 So.2d 324, 326-27 (Ala. 2001) ("A coterminous landowner attempting to establish title by adverse possession must prove open, notorious, hostile, continuous, and exclusive possession of the disputed property for a period of 10 years."). All of the remaining claims in the action, including PCL's claims for damages and the Association's claims for a declaratory judgment, are dependent upon the resolution of the issue of the ownership of the subject property; PCL's claim seeking to redeem the property is only a part of the issue regarding that determination. We conclude that the facts of this case do not give rise to so exceptional a case as to justify the certification of the October 8, 2002, order as final pursuant to Rule 54(b). Therefore, we dismiss this appeal as taken from a nonfinal judgment.
APPEAL DISMISSED.
YATES, P.J., and CRAWLEY, PITTMAN, and MURDOCK, JJ., concur.