THOMAS, Judge.
 

 Marsha Albright Poe instituted a sale-for-division action in the Randolph Circuit Court, seeking to have property that she alleged is jointly owned by her and her ex-husband Bruce Albright sold for division because, she alleged, it could not be equitably divided. Albright, acting pro se, answered the complaint, disputing that Poe owned any interest in the property because, he alleged, they had agreed that he was to receive the property as part of the settlement agreement incorporated into their divorce judgment. Albright later secured counsel, who filed two amended answers and asserted counterclaims of promissory estoppel, breach of contract, and adverse possession. Albright attached the parties’ divorce judgment and the settlement agreement that had been incorporated into the divorce judgment to his first amended answer; the settlement agreement does not mention the disputed property. Poe moved to dismiss the counterclaims, attaching to her motion the deed to the property. She and Albright filed briefs supporting their respective positions on Poe’s motion to dismiss Albright’s counterclaims. The trial court, after considering those briefs, dismissed all Albright’s counterclaims. The final sentence of the trial court’s judgment dismissing Al-bright’s counterclaims orders Poe to “move forward with her [sale] for division action.” Albright appealed that judgment to this court. This court transferred the appeal to the Alabama Supreme Court because this court lacked subject-matter jurisdiction; the Alabama Supreme Court then transferred the appeal to this court, pursuant to Ala.Code 1975, § 12-2-7(6).
 

 Although neither party questions our jurisdiction over this appeal, this court can notice a jurisdictional defect ex
 
 mero motu. See J. Bryant, LLC v. City of Birmingham,
 
 23 So.3d 675, 677 (Ala.Civ.App.2009) (citing
 
 Ruzic v. State ex rel. Thornton,
 
 866 So.2d 564, 568-69 (Ala.Civ.App.2003),
 
 abrogated on other grounds by F.G. v. State Dep’t of Human Res.,
 
 988 So.2d 555 (Ala.Civ.App.2007)). Generally, an appeal may be taken only from a final judgment. Ala.Code 1975, § 12-22-2. A final judgment is one “that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved.”
 
 Bean v. Craig,
 
 557 So.2d 1249, 1253 (Ala.1990).
 
 [1]
 

 
 *547
 
 The trial court’s judgment resolves only Albright’s counterclaims. Poe’s sale-for-division action remains pending below. Because the trial court’s judgment does not “conclusively determine[] the issues before the court” or “ascertain[] and declaren the rights of the parties,”
 
 Bean,
 
 557 So.2d at 1253, we must dismiss the appeal as having been taken from a nonfinal judgment.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . The only exception to the requirement that an appeal be taken from a final judgment is when a trial court has certified a judgment deciding fewer than all the pending claims or
 
 *547
 
 resolving the issues involving fewer than all the parties as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P.
 
 See Bean,
 
 557 So.2d at 1253. However, "a judgment disposing of counterclaims that are in the nature of defenses to an unresolved original claim should not be certified pursuant to Rule 54(b),” because the claim and counterclaims are inextricably intertwined such that separate adjudication poses a risk of inconsistent results.
 
 Hurst v. Cook,
 
 981 So.2d 1143, 1151 (Ala.Civ.App.2007) (citing
 
 Summerlin v. Summerlin,
 
 962 So.2d 170, 174 (Ala.2007), and
 
 Branch v. SouthTrust Bank of Dothan, N.A.,
 
 514 So.2d 1373, 1374 (Ala.1987)). Thus, the trial court’s judgment in this case is not appropriate for Rule 54(b) certification.