PER CURIAM.
 

 Elizabeth P. Dodd, the estate of Thomas H. Dodd, Jr., and Holly and Camellia, LLC (collectively referred to as “the Dodds”), appeal from a partial summary judgment, which the Mobile Circuit Court certified as final pursuant to Rule 54(b), Ala. R. Civ. P., in favor of Semmes Development Co., LLC (“SDC”), and Tom Dodd Nursery, Inc., a/k/a Tom Dodd Nurseries (“the nursery”). We hold that the trial court erred in certifying the partial summary judgment as final pursuant to Rule 54(b), and, therefore, we dismiss the appeal.
 

 The pertinent facts are as follows. The nursery, purporting to have a fee-simple ownership interest in a 40-foot by 90-foot parcel of land in Section 22, Township 3 South, Range 3 West in Mobile County (“the easement parcel”), had granted an easement to SDC across that parcel. SDC thereafter obtained the right to acquire a parcel of land in Section 23, Township 3 South, Range 3 West in Mobile County, which parcel is adjacent to the easement
 
 *726
 
 parcel, for development purposes (“the development parcel”). Section 22 is west of Section 23. A road known as Mill Street purportedly runs between the easement parcel and the developmental parcel. For reference purposes only, a map from the record depicting where SDC and the nursery assert the easement parcel, Mill Street, and the development parcel are in relation to each other is attached to this opinion as an appendix. The record indicates that SDC must be able to access the development parcel by way of Mill Street in order to develop or otherwise use the development parcel. At some point while SDC was preparing to purchase the development parcel, Elizabeth Dodd, Thomas Dodd, Jr., and Holly and Camellia, LLC, informed SDC that they owned the property that included the easement parcel and Mill Street and that they intended to restrict SDC’s access to the development parcel by way of the easement parcel and Mill Street.
 

 On March 19, 2009, SDC and the nursery filed a declaratory-judgment action against Elizabeth Dodd; Thomas H. Dodd, Jr.; Holly and Camellia, LLC; and Mobile County seeking to quiet title, relief under a theory of ejectment, and injunctive relief.
 
 [1]
 
 After Elizabeth Dodd, Thomas Dodd, Jr., and Holly and Camellia, LLC, were served, Thomas Dodd, Jr., died; the court was properly notified of his death, and his estate was substituted as a party in the action. On June 3, 2009, the Dodds answered the complaint and filed a counterclaim seeking, essentially, a judgment declaring that the Dodds had an ownership interest in the easement parcel and Mill Street. However, in their answer, the Dodds stated that they made “no claim as to [‘]Mill Street[’]”; rather, they denied the existence of Mill Street as a public way. In their counterclaim, the Dodds asserted that, in November 2000, to facilitate the sale of the nursery, Elizabeth Dodd and Thomas Dodd, Jr., had entered into a land-swap transaction with the nursery. As a result of a surveying error, the Dodds asserted, the November 2000 deed from the nursery to Elizabeth Dodd and Thomas Dodd, Jr., had failed to include the easement parcel. Specifically, the Dodds alleged the following:
 

 “In 2000, [the nursery] was to be sold. Plastic houses, utilized by the nursery, were located on property owned by Thomas H. Dodd, Jr. and Elizabeth P. Dodd. A land swap agreement was entered into between Thomas H. Dodd, Jr. and Elizabeth P. Dodd and the nursery. The understanding and agreement was that Thomas H. Dodd, Jr. and Elizabeth P. Dodd would swap the land on which the plastic houses were located in exchange for all that land to the [e]ast of the homeplace of Thomas H. Dodd, Jr. and Elizabeth P. Dodd, which was the land of [the nursery’s] business office, which ran to the section line between Section 22 and Section 23. In 2000, Polysurveying was hired by the nursery to provide descriptions of the lands to be swapped.
 

 “The Polysurveying surveyor made an error by utilizing a starting point 40' west of the starting point that should have been utilized by erroneously ‘creating’ a 40' right-of-way and demarcating the erroneously ‘created’ 40' right-of-way as ‘Mill Street.’ The ‘Mill Street’ error allotted for 40' for ‘Mill Street’ to the west of the East line of Section 22. When, in fact, ‘Mill Street’ does not exist, but if it did exist, would only exist to the east of the West line of Section 23 and not west of the West line of Section 23.”
 

 
 *727
 
 In other words, the Dodds asserted that a survey prepared by an entity named Poly-surveying (“the Polysurveying survey”) had erroneously carved out a 40-foot public way for Mill Street located to the west of the section line separating section 22 and section 23 and averred that the Dodds were the rightful owners of that 40-foot strip, which includes the easement parcel. Based on those alleged facts, the Dodds sought a court-ordered correction of the November 2000 deed, which had been based on the purportedly erroneous Poly-surveying survey.
 

 Before the Dodds filed their answer and counterclaim, on May 22, 2009, SDC and the nursery filed a motion for a partial summary judgment (“the summary-judgment motion”) on the issue whether Mill Street is a public way. In September 2009, SDC and the nursery supplemented the summary-judgment motion with a survey performed by an entity named Rowe Surveying and Engineering dated July 13, 2009 (“the first Rowe survey”). The first Rowe survey revealed that the section line separating section 22 and section 23 formed the western boundary of Mill Street; in other words, the first Rowe survey indicated that Mill Street is in section 23. A few days later, the Dodds filed a motion to continue the summary-judgment hearing. In their motion, the Dodds averred that the Mobile County Engineer had been “reviewing the [first Rowe] survey” and “[had] not yet reached an opinion as to the correctness of that survey.” The trial court granted a continuance and rescheduled that hearing for October 30, 2009.
 

 On October 28, 2009, the Dodds and Mobile County moved for a court-ordered boundary survey of the properties at issue (“the survey motion”), pursuant to Ala. Code 1975, § 35-3-20 and § 35-3-21. The Dodds and Mobile County filed the survey motion because, they asserted, there is a discrepancy between the Polysurveying survey and the first Rowe survey as to the correct location of the section line separating section 22 and section 23. The trial court scheduled a hearing on the survey motion for November 2, 2009. The summary-judgment hearing previously scheduled for October 30, 2009, did not take place; however, at the hearing on November 2, 2009, the trial court heard arguments on both the summary-judgment motion and the survey motion. On November 3, 2009, SDC and the nursery again supplemented the summary-judgment motion with a revised survey of Mill Street prepared by Rowe (“the second Rowe survey”).
 
 [2]
 
 On November 12, 2009, the trial court entered a partial summary judgment in favor of SDC and the nursery, stating that “Mill Street, as depicted on [the second Rowe survey] ..., dated July 13, 2009,” correctly showed that the western boundary of Mill Street was located at the west line of section 23; the trial court’s order also stated that Mill Street was a public way. The trial court certified its order dated November 12, 2009, as a final judgment, pursuant to Rule 54(b), Ala. R. Civ. P. On December 23, 2009, the Dodds appealed; that appeal was transferred to this court pursuant to Ala.Code 1975, § 12-2-7(6).
 

 The trial court’s judgment purports to be a final judgment as to the location of Mill Street and as to the status of Mill Street as a public way. Although the trial
 
 *728
 
 court adopted the second Rowe survey’s depiction of Mill Street in concluding that its western boundary line was located at the west line of section 23, that court did not make a determination as to the correct location of the section line between section 22 and section 23, on which the rights of the parties as to the easement parcel depend and which section line is shown to be located in different places on the Rowe surveys and the Polysurveying survey. Specifically, the trial court did not resolve the conflict between the Polysurveying survey and the first and second Rowe surveys. We refrain from inferring that the trial court’s conclusion that the western boundary of Mill Street is located at the west line of section 23 also amounts to a conclusion that the second Rowe survey depicts the correct location of the section line between section 22 and section 23, because to do so would require us to make a factual determination; additionally, the trial court did not resolve the issue of ownership as to the easement parcel.
 

 This court is to “notice a jurisdictional defect
 
 ex mero motu.” Albright v. Poe,
 
 52 So.3d 545, 546 (Ala.Civ.App.2010). Here, because separate adjudication of the claims addressed in the trial court’s partial summary judgment and the remaining claims could lead to inconsistent results, we conclude that the trial court’s partial summary judgment was not ripe for Rule 54(b) certification and that the trial court thus erred in certifying its judgment as final.
 
 See Hurst v. Cook,
 
 981 So.2d 1143, 1151 (Ala.Civ.App.2007).
 

 Rule 54(b) states, in part, as follows:
 

 “When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.”
 

 In
 
 Hurst,
 
 this court stated:
 

 “‘In
 
 Moss v. Williams,
 
 747 So.2d 905, 907 (Ala.Civ.App.1999), this court stated:
 

 “ ‘ “Not every order has the requisite element of finality that can trigger the operation of Rule 54(b), Ala. R. Civ. P.
 
 James v. Alabama Coalition for Equity, Inc.,
 
 713 So.2d 937 (Ala.1997). ‘Rule 54(b) certification should be made only in exceptional cases and should not be entered routinely.’
 
 Parrish v. Blazer Financial Services, Inc.,
 
 682 So.2d 1383 (Ala.Civ.App.1996).”
 

 “‘Further, “‘[a]ppellate review in a piecemeal fashion is not favored, and trial courts should certify a judgment as final, pursuant to Rule 54(b),
 
 only in a case where the failure to do
 
 so
 
 might have a harsh effect.’” Point Clear Landing Ass’n, Inc. v. Point Clear Landing, Inc.,
 
 864 So.2d 369, 371 (Ala.Civ.App.2003) (quoting
 
 Harper Sales Co. v. Brown, Stagner, Richardson, Inc.,
 
 742 So.2d 190, 192 (Ala.Civ.App.1999)).’
 

 “First Southern Bank v. O’Brien,
 
 931 So.2d 50, 52-53 (Ala.Civ.App.2005).
 

 “Our supreme court has further explained that in cases in which an adjudicated claim and an unadjudicated counterclaim are ‘closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results,’ Rule 54(b) certification is inappropriate.
 
 Branch v. SouthTrust Bank of Dothan, N.A., 514
 
 So.2d 1373, 1374 (Ala.1987). In
 
 Branch,
 
 the trial court certified a summary judgment on a claim alleging
 
 *729
 
 that an obligor had defaulted on a promissory note as a final judgment pursuant to Rule 54(b); the obligor’s fraud counterclaim relating to the conduct of the loan officer in securing his signature on the note remained pending in the trial court.
 
 Branch,
 
 514 So.2d at 1373. The supreme court noted:
 

 “ ‘Rule 54(b) is properly applied in a situation where the claim and the counterclaim present more than one claim for relief, either of which could have been separately enforced.
 
 Cates v. Bush,
 
 293 Ala. 535, 307 So.2d 6 (1975). Under “appropriate facts,” a partial summary judgment on an original claim may be finally adjudicated pursuant to Rule 54(b), leaving a counterclaim undecided so that the parties can further litigate the issues presented by the counterclaim.’
 

 “Id.
 
 at 1374.”
 

 981 So.2d at 1148-49. Further, in
 
 Hurst,
 
 we explained that “a judgment disposing of counterclaims that are in the nature of defenses to an unresolved original claim should not be certified pursuant to Rule 54(b).” 981 So.2d at 1151.
 

 In response to SDC and the nursery’s quiet-title claim against the Dodds as to the easement parcel, the Dodds’ counterclaim asserted that the November 2000 deed was due to be amended because it had been written pursuant to the Polysur-veying survey (which survey, the Dodds asserted, incorrectly described the location of the easement parcel because it had incorrectly depicted a 40-foot wide parcel and had labeled that parcel “Mill Street”). If the trial court were to rule that the Polysurveying survey depicts the correct location of the section line between section 22 and section 23, such a ruling would be inconsistent with its partial summary judgment as to the correct location of Mill Street, because the trial court’s partial summary judgment is based on the second Rowe survey, which depicts the location of the section line between section 22 and section 23 differently than the Polysurvey-ing survey. Moreover, this case does not present “exceptional” circumstances warranting 54(b) certification.
 
 See Hurst,
 
 981 So.2d at 1148-49. We therefore hold that the trial court erred in certifying its partial summary judgment as final pursuant to Rule 54(b), and we dismiss the appeal.
 

 APPEAR DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 THOMAS, J., concurs in the result, without writing.
 

 
 *730
 
 APPENDIX
 

 [[Image here]]
 

 [1]
 

 . Mobile County is not a party to this appeal.
 

 [2]
 

 . The first Rowe survey and the second Rowe survey are materially identical. In fact, the two surveys appear to be copies of the same survey dated July 13, 2009. The only difference between the surveys is that the second Rowe survey includes very small, handwritten notes in the margin. Those notes have no bearing on the survey’s placement of Mill Street east of the western border of section 23 (i.e., within section 23).