THOMPSON, Presiding Judge.
In September 2011, Judith McDowell filed an action in the Choctaw Circuit Court (“the trial court”), which was designated by the trial-court clerk as case number CV-11-900058. In the complaint, McDowell named Hunt Oil Company, Hunt Refining Company, and Hunt Crude Oil Supply Company, as defendants; those three defendants are hereinafter referred to collectively as “the Hunt Oil defendants.” In addition, McDowell named as defendants in case number CV-11-900058 certain individuals, specifically: Nalda Baldwin, Sue Campbell, Stuart Covington, Richard Covington, Mary Sikes, Pamela May, Karen Lightsey, Kenneth Baldwin, Howard Baldwin, John Hendrix, Nina Lewis, Lillian Covington, Peggy Jackson, Patricia Weaver, Curvin Covington, Jr., and Joyce Smith; those individual defendants are hereinafter collectively referred to as “the individual defendants.” McDowell sought to quiet title to, and to obtain a judgment declaring her interest in, certain mineral rights addressed in paragraph four of the will of C.F. Stewart, Sr. McDowell alleged that the individual defendants claimed interests in the mineral rights as descendants and heirs of C.F. Stewart, Sr. McDowell also sought to recover from all the defendants any past, present, and future sums from royalties or other payments derived from the extraction by the Hunt Oil defendants of the mineral resources owned by C.F. Stewart, Sr., at the time of his death.
The Hunt Oil defendants answered and denied liability. The individual defendants answered and requested, pursuant to the Alabama Litigation Accountability Act, § 12-19-270 et seq., Ala.Code 1975, an award of an attorney fee from McDowell based on their argument that McDowell’s claims against them were frivolous. The individual defendants later moved to dismiss McDowell’s claims against them, arguing that McDowell’s claims against them had been resolved in several earlier legal actions. The trial court denied the individual defendants’ motion to dismiss.
The Hunt Oil defendants moved for a summary judgment, and McDowell opposed that motion. On June 4, 2013, the trial court entered an order granting the Hunt Oil defendants’ summary-judgment motion, concluding, among other things, that McDowell’s claims against the Hunt Oil defendants were barred by the doctrine of collateral estoppel and that, even if the claims were not barred, McDowell had not demonstrated that she could prevail on the merits of her claims. The trial court purported to certify its June 4, 2013, summary-judgment order as final pursuant to Rule 54(b), Ala. R. Civ. P. McDowell appealed to our supreme court, which trans *1114 ferred the appeal to this court pursuant to § 12-2-7, Ala.Code 1975.[1]
Although McDowell and the Hunt Oil defendants have not questioned the propriety of the trial court’s Rule 54(b) certification of its June 4, 2013, summary-judgment order, because the issue of the finality of a judgment is a jurisdictional issue, this court may consider the issue ex mero motu. Gregory v. Ferguson, 10 So.3d 596, 597 (Ala.Civ.App.2008). See also Hurst v. Cook, 981 So.2d 1143, 1148 (Ala.Civ.App.2007) (“If the [Rule 54(b)] certification of the summary judgment is inappropriate with respect to a particular claim, this court does not have jurisdiction to consider that particular claim on appeal.”).
Not every order has the requisite finality such that a Rule 54(b) certification is appropriate. Goldome Credit Corp. v. Player, 869 So.2d 1146, 1147 (Ala.Civ.App.2003).
“Both this court and our supreme court have considered several times the propriety of a Rule 54(b) certification, and several principles governing the appropriateness of such certifications have been developed.
“‘In Moss v. Williams, 747 So.2d 905, 907 (Ala.Civ.App.1999), this court stated:
“ “Not every order has the requisite element of finality that can trigger the operation of Rule 54(b), Ala. R. Civ. P. James v. Alabama Coalition for ,Equity, Inc., 713 So.2d 937 (Ala.1997). ‘Rule 54(b) certifications should be made only in exceptional cases and should not be entered routinely.’ Parrish v. Blazer Financial Services, Inc., 682 So.2d 1383 (Ala.Civ.App.1996).”
“ ‘Further, “ ‘[a]ppellate review in a piecemeal fashion is not favored, and trial courts should certify a judgment as final, pursuant to Rule 54(b), only in a case where the failure to do so might have a harsh effect.’ ” Point Clear Landing Ass’n, Inc. v. Point Clear Landing, Inc., 864 So.2d 369, 371 (Ala.Civ.App.2003) (quoting Harper Sales Co. v. Brown, Stagner, Richardson, Inc., 742 So.2d 190, 192 (Ala.Civ.App.1999)).’
“First Southern Bank v. O’Brien, 931 So.2d 50, 52-53 (Ala.Civ.App.2005).
“Our supreme court has further explained that in cases in which an adjudicated claim and [an] unadjudicated counterclaim are ‘so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results,’ Rule 54(b) certification is inappropriate. Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala.1987).”
Hurst v. Cook, 981 So.2d at 1148.
In this case, McDowell has alleged that she has an interest in certain mineral rights addressed in paragraph four of the will of C.F. Stewart, Sr., and she sought to obtain a judgment declaring her interest, and the individual defendants’ competing interests, in those mineral rights. McDowell sought payment from the Hunt Oil defendants of royalties from her purported interest in the mineral rights. Thus, McDowell’s claims seeking the payment of *1115 royalties from the Hunt Oil defendants are dependent on her unadjudicated claims asserted against the individual defendants.
We conclude that the claims asserted against the individual defendants are too closely intertwined with those asserted against the Hunt Oil defendants and that the separate resolution of the claims against the two sets of defendants carries the potential for inconsistent results. See Natures Way Marine, LLC v. Dunhill Entities, LP, 63 So.3d 615, 620-21 (Ala.2010) (determining that a Rule 54(b) certification was not appropriate under the facts of that case). The trial court erred in certifying its June 4, 2013, summary-judgment order in the underlying action as final pursuant to Rule 54(b). Howard v. Allstate Ins. Co., 9 So.3d 1213, 1215 (Ala.2008); BB & S Gen. Contractors, Inc. v. Thornton & Assocs., Inc., 979 So.2d 121, 125 (Ala.Civ.App.2007). An appeal of an interlocutory order must be dismissed, see Howard v. Allstate Ins. Co., supra; therefore, we dismiss this appeal.
APPEAL DISMISSED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. At the same time she initiated the action that forms the basis of this appeal, McDowell also initiated two other actions naming the Hunt Oil defendants and others as defendants. McDowell based the claims in those actions on her interpretation of the will of C.F. Stewart, Sr. The trial court entered judgments in favor of the defendants in those actions, and McDowell appealed. Today, this court is separately affirming, without an opinion, the judgments in those other two actions. See McDowell v. Hunt Oil Co. (No. 2120901 and 2120903), - So.3d - (Ala.Civ.App.2014) (table).